**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Antonio Lopez ROMERO, Defendant-**
**Appellant.**

**No. 72-2448.**

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1972.

Philip DeMassa (argued), San Diego, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Douglas G. Hendricks, Stephen G. Nelson, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH, KILKENNY and CHOY, Circuit Judges.

## PER CURIAM:

Relying upon this court's decision in United States v. Mendez-Rodriguez, 450 F.2d 1 (9th Cir. 1971), the appellant, Antonio Lopez Romero, contends that he was entitled to have the criminal charges dismissed because the government "failed to allow appellant the opportunity to interview . . . witnesses." [1]

We disagree. The record, fairly appraised, does not, in our view, reflect that the government was guilty of bad faith or negligence in its actions. In this conclusion, we are fully aware that during the pre-complaint investigation, all or some of the four suspects, of whom Romero was one, had stated to the government investigator that they could substantiate alibis by witnesses; and we grant that any such witnesses could only be found amongst the other detainees of the United States Detention Facility which Romero and the three others were suspected of burning. However, there were some 300 such detainees in the facility and neither Romero nor the other three had singled out any, by name or otherwise, during the course of the investigation.

At the preliminary arraignment, Romero and the other three were advised at some length of their right to witnesses and to process to assure the latters' attendance at further proceedings. Immediately afterward, Nozar Pundole, one of the four, broached the matter to the investigator. The latter, believing that Pundole spoke for the whole group, pointed out that counsel would shortly be appointed; he suggested that the accused refer the matter to counsel. Certainly this was proper, for the matters of defense investigation and witnesses are normally for defense counsel to handle; and it is quite understandable that Pundole agreed. Counsel was in fact appointed within the week. The reason why no request for witnesses was thereafter forthcoming is a matter for conjecture; but, in any event, nearly a month then elapsed before the case was set for trial, and afterward nearly two months passed before the trial begun. We are satisfied that appellant enjoyed a fair opportunity to investigate and designate witnesses during the period if he chose, and that if blame is to be assigned it may not be rested upon the government. Similarly, we are not, on this flimsy record, inclined to fault the government for deporting two of appellant's other three co-defendants prior to trial. It is clear that both were being held and were available for appellant to interview until at least the date the indictment was returned against him.

The judgment is affirmed.

---

1. The charges stemmed from the burning of Barracks Building No. 2 of the El Centro Detention Facility at El Centro, California, in violation of 18 U.S.C. §

1361. At the time, Romero was being held there pending his deportation to British Honduras.