**UNITED STATES of America,**
**Appellee,**

v.

**Jose De Jesus LOMELI–GARNICA,**
**Appellant.**

**No. 73–3060.**

United States Court of Appeals,
Ninth Circuit.

April 17, 1974.

Frank T. Vecchione (argued), Federal Defenders, Inc., of San Diego, Cal., for appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Stephen W. Peterson, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before HAMLEY, MERRILL and SNEED, Circuit Judges.

SNEED, Circuit Judge:

The defendant-appellant, Jose De Jesus Lomeli-Garnica, appeals his convictions for importing from Mexico and possessing with intent to distribute 246 pounds of marijuana. His ground for reversal of his convictions is that his "Mendez-Rodriguez" motion to dismiss all counts of the indictment should have been granted. *See* United States v. Mendez-Rodriguez, 450 F.2d 1 (9th Cir. 1971).

In support of his contention, the appellant points out that when he was stopped at the Port of Entry at Calexico, California he was transporting five passengers consisting of Mr. and Mrs. Villapadua and their three small children, each of whom appeared to be under the age of eight. Following the discovery of the marijuana in the truck and consultations with an Assistant United States Attorney, prosecution of Mrs. Villapadua was declined and she and her children were permitted to return to Mexico. Mr. Villapadua, however, was arrested and detained as, of course, was the appellant. From the date of arrest, July 14, 1973, until July 26, 1973, Mr. Villapadua was in the custody of law enforcement officials. An attorney for the appellant was appointed on July 20, 1973. On July 26, 1973, Mr. Villapadua was released and permitted to return to Mexico, the Government having decided to decline prosecution. Both Mr. and Mrs. Villapadua entered the United States with their I–86 cards and neither was deported.

The appellant contends that the failure to detain Mr. Villapadua deprives him of his constitutional rights under the Fifth and Sixth Amendments to examine the witnesses who might be material to the presentation of his defense. We recognized this right in United States v. Mendez-Rodriguez, 450 F.2d 1 (1971), where an indictment was dismissed following the deportation by the Government of three of the six illegal aliens the defendant was attempting to smuggle into this country at the time of his arrest. The possibility of prejudice to the defendant under such circumstances was too great to permit the indictment to withstand a constitutional challenge.

In this case the possibility of such prejudice is remote. Mr. Villapadua was available to counsel of the appellant from July 20 to July 26, 1973. No effort was made by appellant's counsel to utilize this opportunity. Moreover, Mr. Villapadua was not an illegal alien and as a consequence was not deported by the Government. When released, he merely did the natural thing, viz., he returned home to his wife and children. To detain him subsequent to the time the decision was made not to prosecute under the circumstances of this case would impose on him a substantial hardship for only a remote possibility of benefit to the appellant. Cf. United States v. Romero, 469 F.2d 1078 (9th Cir., 1972) cert. denied 410 U.S. 985, 93 S.Ct. 1512, 36 L.Ed.2d 182; United States v. Verduzco Macias, 463 F.2d 105 (9th Cir., 1972) cert. denied 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139.