UNITED STATES of America, Plaintiff-Appellee,

v.

Miguel Angel BALLESTEROS-ACU-NA, Defendant-Appellant.

No. 75–2464.

United States Court of Appeals, Ninth Circuit.

Dec. 1, 1975.

T. Scott Higgins (argued), of Federal Public Defenders, Tucson, Ariz., for defendant-appellant.

Bruce Heurlin, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before KOELSCH and CARTER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant was adjudged a juvenile delinquent for having committed the offense of illegally importing 40 pounds of marijuana. We affirm.

At the beginning of his trial, appellant filed a motion to dismiss the information because of the Government's release and subsequent unavailability of a material witness in violation of appellant's Fifth and Sixth Amendment rights. Following a combined trial and hearing on the motion, appellant moved for acquittal on the same grounds. Appellant contends that the court's denial of both motions constituted reversible error.

A customs inspector testified that he received a car for inspection in Nogales, Arizona, which was driven by appellant, and in which an elderly man, John Massey, was riding as a passenger. The inspector found marijuana in the car's trunk. He then attempted to approach appellant, who started running back toward Mexico. Appellant was apprehended after running about 40 yards. Both appellant and Massey were turned over to an agent of the Drug Enforcement Administration.

The agent testified that Massey appeared to be old and blind and carried a white cane. Massey told the agent that he owned the car, and hired appellant to drive him to Tucson, and that appellant could use the car as he pleased. Massey further stated that he knew nothing about the marijuana or even what the substance was. Appellant was present during this conversation. The agent determined from immigration papers that Massey had with him that Massey was a citizen of both the United States and Mexico. Massey gave the agent his addresses in Nogales, Arizona and Magdalena, Sonora, Mexico, which were the same as those listed on papers the agent found in the car's glove compartment. On the basis of this interview and his personal observation of Massey, the agent decided that it was not necessary to hold Massey and released him to a man located at Massey's Nogales address.

Prior to the trial appellant's attorney tried unsuccessfully to locate Massey at the two addresses. He made no request for a continuance, but contended in support of his motion to dismiss the information that the Government was guilty of negligence in failing to insure Massey's presence at the trial and thus denied appellant his right to due process and his right to obtain witnesses in his favor. On appeal appellant further con-

* Honorable William J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

tends that the court's error in denying the motion was compounded by the court's reliance on Massey's hearsay statements.

■■■ It is well established that an accused's right to obtain the testimony of witnesses and compel their attendance is a "fundamental element of due process of law". *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). This court has held, however, that the Government is "under no obligation to look for" a defendant's "witnesses, in the absence of a showing that such witnesses were made unavailable through the suggestion, procurement, or negligence" of the Government. *Ferrari v. United States,* 244 F.2d 132, 141 (9 Cir. 1957), cert. denied sub nom. *Cherpakov v. United States,* 355 U.S. 873, 78 S.Ct. 125, 2 L.Ed.2d 78 (1957).

In *United States v. Mendez-Rodriquez,* 450 F.2d 1, 5 (9 Cir. 1971), upon which appellant relies, this court ordered dismissal of an indictment by reason of the Government's deporting three of six illegal aliens the defendant was attempting to smuggle into the country, the court concluding that the possibility of prejudice was too great to permit the indictment to withstand a constitutional challenge. The holding in *Mendez-Rodriquez* was considered by this court most recently in *United States v. Lomeli-Garnica,* 495 F.2d 313 (1974), where the defendant was convicted of importing and possessing with intent to distribute marijuana. An alien passenger in the defendant's car had been arrested and detained for about a week and then allowed to return to Mexico. Noting that the passenger was not an illegal alien

deported by the Government and thus placed beyond subpoena power, as in *Mendez-Rodriquez,* the court concluded that to detain him subsequent to the decision not to prosecute would impose a "substantial hardship for only a remote possibility of benefit to the appellant". 495 F.2d at 314.

■ The same is true here. Massey was a United States citizen. He was not in this country illegally. The agent determined there was no basis for arresting and detaining him. The trial court found that the agent acted reasonably and that appellant could "point to nothing" Massey "might be able to say" in appellant's behalf. The addresses Massey had given were correct. That appellant did not locate Massey before trial was not the result of the Government's "suggestion, procurement, or negligence". There is no merit in appellant's contention that his constitutional rights were violated.

■ Agent Brown's testimony with respect to his conversation with Massey was admitted for the purpose of ruling on appellant's motion to dismiss rather than to prove his guilt.[1] While the court referred to Massey's testimony in denying both the motion to dismiss and the motion for acquittal, it is apparent that in determining that appellant committed the alleged offense, the court relied on the inspector's testimony and the court's conclusion that appellant's testimony was "simply preposterous" rather than on Agent Brown's testimony about what Massey had said. There was ample evidence to find that appellant had committed the alleged offense without relying on the hearsay testimony.

Affirmed.

1. When appellant's counsel objected to this testimony, the court said:

"Well, we have here the problem of your motion and I think the circumstances and

what they knew about the relationship and all that would be admissible as to the state of their information and belief about the man and his availability."