Argued March 28, affirmed April 23, 1973

STATE OF OREGON, *Respondent, v.*
GLEN EARL NELSON, *Appellant.*

STATE OF OREGON, *Respondent, v.*
ALFRED LEWIS WOLFE, *Appellant.*

STATE OF OREGON, *Respondent, v.*
RALPH LEON EHRHARD, *Appellant.*

509 P2d 36

*Richard Albright,* law student, Willamette Univer-

sity, Salem, argued the cause for appellants. With him on the brief were Warren H. Albright and John T. Chinock, Madras.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Each of the defendants was charged in the Justice Court of Jefferson County, Madras District, with two separate criminal complaints. One charged that the named defendant operated a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of ORS 483.992. The other charged him with operating a motor vehicle on a public road while having a level of .15 per cent or more alcohol in the blood in violation of ORS 483.999 at the same time and place as that charged in the first complaint.

The state moved to consolidate for trial the two complaints. Each named defendant objected. The justice of the peace in each case allowed the motion. Thereafter and before the trial of the cases each defendant sought a writ of review in the circuit court seeking to have that court set aside the order of the justice court allowing the consolidation for trial of the two complaints.

The circuit court in each case after argument "affirmed in all respects" the justice court order directing the consolidation of the two complaints for trial. Each of the three defendants has appealed the

circuit court order to this court. Since each of the three cases presents a single identical issue, we directed their consolidation for hearing in this court. It follows, of course, from the foregoing that none of the defendants have been convicted, sentenced or tried on any of the matters charged in the complaints.

ORS 483.992 (2) provides:

"Any person who, while being under the influence of intoxicating liquor, dangerous drugs or narcotic drugs, drives any vehicle upon any highway, street or thoroughfare within this state, shall be punished, upon conviction, by imprisonment in the county or municipal jail for not more than one year, or by fine of not more than $1,000, or both."

ORS 483.999 (1) provides:

"Any person who drives any vehicle upon any highway of this state when that person has .15 percent or more by weight of alcohol in his blood as shown by chemical analysis of the person's breath, blood, urine or saliva made pursuant to ORS 483.634 to 483.646 shall be punished, upon conviction, by imprisonment in the county or municipal jail for not less than six days and not more than one year or a fine of not more than $2,000, or both."

In their brief the essence of appellants' argument is that to allow the consolidation constitutes "a violation of appellants' right against twice being placed in jeopardy for the same offense." Oregon Constitution, Art I, § 12.

In *State v. Welch,* 264 Or 388, 391, 505 P2d 910-11 (1973), the Supreme Court in considering the double jeopardy problem there presented, said:

"The distinction between double jeopardy and the present situation is tersely stated in Fisher, *Double Jeopardy: Six Common Boners Summarized,* 15 UCLA L Rev 81, 86 (1967), as follows:

" 'Double jeopardy does not occur unless a

man is tried twice; it takes two trials to raise the issue. This is not as obvious as it sounds. Defendants being tried for the first time continually insist that the prosecutor, by joining several overlapping offenses in separate counts in one indictment, is violating the prohibition against double jeopardy. They are even more insistent that they are subjected to double jeopardy when they have been convicted on more than one count and received cumulative penalties aggregating more than the most severe sentence on one count.

" 'A defendant may be right in his conclusion that such cumulation of penalties is improper, but he is mistaken in thinking that it is double jeopardy. The true reason why he is right is that double punishment is not permissible under the applicable statutes, *i.e.,* the legislature did not intend him to be sentenced on more than one count. * * *' "

*Welch* was a case where a defendant had opened a bank account with two forged checks. After withdrawing the money, he was indicted, convicted and sentenced on two counts of publishing false checks. In reversing the conviction the court also said:

"Our present ruling must be distinguished from two related situations concerning the manner in which a defendant is charged and tried. First, there was nothing improper in charging the defendant in two separate counts as was done in this case. The state cannot be forced to choose with which of the checks it will charge defendant. There is always the possibility that the proof might ultimately fail as to one of the checks, and the state should not be deprived of the opportunity of attempting to prove both. 5 Wharton's Criminal Law and Procedure 37, § 1935 (1957 ed) states:

" 'It has long been the approved practice to

charge, by several counts, the same offense as committed *in different ways* or by different means, to such extent as will be necessary to provide for every possible contingency in the evidence * * *.' (footnote omitted; emphasis ours.)

"The second related situation which must be distinguished from the present case is the one with which the court dealt in *State v. Brown,* 94 Adv Sh 1591, 262 Or 442, 497 P2d 1191 (1972). We there required, with minor exceptions, that all available charges of crime arising out of the same transaction be prosecuted in one case and at the same time. We did so upon the basis that we were interpreting the double jeopardy provision of the Oregon Constitution, Art. I, § 12, to so require. We there reserved the present question of multiple punishments for different aspects of a single act or course of conduct.

"The question concerning what constituted a single act or transaction is one that is often troublesome. However, in the present case, it is clear that the act of publishing the two checks was a single transaction." 264 Or at 394-95.

As pointed out above, none of the defendants here have been tried at all, let alone convicted or sentenced on both. Thus we do not reach the question whether any of them may be convicted or sentenced[1] for both. Nor, obviously, in the absence of any evidence, do we reach the question of whether the charged conduct in any of the cases constituted a single act or transaction. We hold only that the consolidation of the two complaints for trial in each case was correct.

Affirmed.

---

[1] State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).