Submitted on record and appellant's brief September 10, reversed
and remanded September 28, petition for rehearing
denied November 15, 1973, petition for
review denied February 12, 1974

# STATE OF OREGON, *Appellant, v.* ROBERT WESTON ABBOTT (No. C-73-03-0954), *Respondent.*

514 P2d 355

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, P.J.

This is a state appeal from a circuit court dismissal of a prosecution for driving with .15 per cent or more of alcohol in blood under ORS 483.999. Defendant has not filed a brief in this court.

Defendant had been charged in separate complaints with driving while under influence of alcohol (ORS 483.992 (2)), hereafter DUIL, and the charge under ORS 483.999 in the district court. The complaints arose from the same driving at the same time and place. In district court jury was waived and the court found defendant not guilty of the DUIL charge and guilty of the over .15 per cent charge. Defendant appealed the conviction to the circuit court.

The basis of the circuit court dismissal is recited in the substantive part of the trial order:

"* * * That as a pretrial motion, the defend-

ant moved to dismiss the within matter for the reason that the district court of Multnomah County on March 19, 1973, had found the defendant Not Guilty of the crime of DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR and that ORS 483.999 is an enhanced penalty provision only, the court having heard arguments of respective counsel and having heard testimony and accepted stipulation of facts by the party, the court makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW.

## "FINDINGS OF FACTS

"1. The district court of Multnomah County on March 19, 1973, found the defendant guilty of ORS 483.992 [sic].①

"2. That the district court of Multnomah County on March 19, 1973, found the defendant not guilty of DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR, ORS 483.-999 [sic].①

"3. That when the defendant was advised of his *Miranda* warnings, and rights, he was not advised that the results of the breathalyzer examination may result in a separate and more severe charge.

## "CONCLUSIONS OF LAW

"1. That ORS 483.999 is an enhanced penalty provision of ORS 483.992.

"2. That the defendant having been found not guilty of DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR, the within matter should be dismissed."

The trial judge's comments at the hearing shed further light upon the reasons for his order:

"* * * If he takes the blood test, however, under the district attorney's theory he immediately puts himself in jeopardy by having a blood content

---

① The scrivener obviously got the code section numbers crossed between findings 1 and 2.

of .15 or. over with another charge. Can go to the county jail again for a year, be fined another $2,000. Thus a person can go to the county jail for two years [on the two complaints in this case] with a $4,000 penalty. That is not the intent of the legislature.

"* * * * *

"And the Court rules the intention in that Act is not to charge a person with a separate crime, but to enhance the penalty * * *.

"Now, under subsection (2) of 483.999 states: 'For purposes of ORS 482.430, a conviction under this section shall be considered to be a conviction for driving uner [sic] the influence of intoxicating liquor.'

"I don't know how any judge or any jury can find a person innocent of DUIL, yet Guilty of driving with .15 or over. There is a presumption by statute anybody with a blood content of .10 or over is presumed intoxicated, and over .15 there would be a conclusive presumption he was intoxicated. And we know that conclusive presumptions do not exist in Oregon.

"And the Court again rules this is an enhanced penalty; it's intended as an enhanced penalty and not to be charged with a separate count."

In *State v. Nelson, Wolfe, Ehrhard,* 13 Or App 159, 509 P2d 36 (1973), we held that, where two complaints against the same defendant were filed on identical charges to those at bar alleging a same time and place occurrence, it was proper to consolidate them for trial. We said:

"* * * [N]one * * * have been tried * * * * we do not reach the question whether any of them may be convicted or sentenced® for both. Nor, obviously, in the absence of any evidence, do we reach the question of whether the charged conduct * * * constituted a single act or transaction * * *

"① State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971)." 13 Or App at —.

State v. Woolard, supra, was specifically limited in its ruling so that a person charged with burglary involving an intent to steal incident to breaking and entering could not also be *convicted and sentenced* for the larceny perpetrated in carrying out that intent to steal. *Cf. State v. Welch,* 264 Or 388, 505 P2d 910 (1973).

The case at bar does not present a *Woolard* type of question to us simply because defendant was not *convicted and sentenced* for each offense. He was found not guilty of one, but guilty of the other.

■ We think the circuit court came to the wrong conclusion when it held that ORS 483.999 is merely a statute for enhancing the penalty for DUIL under ORS 483.992. It provides:

"(1) Any person who drives any vehicle upon any highway of this state when that person has .15 percent or more by weight of alcohol in his blood as shown by chemical analysis of the person's breath, blood, urine or saliva made pursuant to ORS 483.634 to 483.646 shall be punished, upon conviction, by imprisonment in the county or municipal jail for not less than six days and not more than one year or a fine of not more than $2,000, or both.

"(2) For purposes of ORS 482.430, a conviction under this section shall be considered to be a conviction for driving under the influence of intoxicating liquor."

ORS 482.430 is not a statute making DUIL an offense; rather, it provides for revocations of drivers' licenses which may or shall be incident to conviction of a variety of seven offenses, one of which is DUIL. Those penalties are not criminal in nature:

"* * * [N]or do we believe that the revoca-

tion of a driver's license is punishment or is intended to be punishment * * *." *State v. Robinson,* 235 Or 524, 532, 385 P2d 754 (1963).

*Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 491, 450 P2d 775 (1969). The criminal type of punishment for the offense is set forth in the statute creating the offense. ORS 483.992 (2) makes it illegal to drive a vehicle on a public thoroughfare while intoxicated and prescribes the penalty.

■ While common sense indicates that it is unlikely that a person with a .15 per cent or more blood alcohol is unintoxicated, yet, it is entirely possible that he may physically conduct himself in such a manner that he may appear to be free of all or most of the usual indicia of intoxication. Thus, there would be reason under such evidence to find him not guilty of a DUIL charge. Under the state's police power, it is not unreasonable that the legislature should nevertheless make it illegal for all people to drive who have such a concentration of alcohol in their blood. We see no conclusive presumption of intoxication in such a prohibition because the question is not whether they are intoxicated, but whether they have .15 per cent or more of alcohol in their blood. The only presumptions of intoxication attaching to blood-alcohol content in Oregon are those provided in ORS 483.642 (1)(a), (b) and (c). They are disputable.

■ This reasoning leads to the conclusion that ORS 483.992 (2) and ORS 483.999 define separate offenses, because they may in any case require different proof in some respects. The posture of this case, for reasons already noted, is distinguishable from double jeopardy situations such as those discussed in *State v. Brown,*

262 Or 442, 497 P2d 1191 (1972), and *State v. Leverich,* 14 Or App 222, 511 P2d 1265 (1973).

We conclude the circuit court should have denied the motion and proceeded to trial on the appealed conviction.

Reversed and remanded.