522 P.2d 552

**STATE of Arizona, Appellee,**

v.

**Frank Luna ZARAGOZA, Appellant.**

**No. 2 CA–CR 371.**

Court of Appeals of Arizona,
Division 2.

May 22, 1974.

Rehearing Denied June 28, 1974.

Review Denied July 16, 1974.

Gary K. Nelson, Atty. Gen., Dennis DeConcini, Pima Co. Atty., by Carmine A. Brogna, Deputy Co. Atty., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Henry W. Russell, Deputy Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of driving a vehicle while under the influence of intoxicating liquor during a period when his driver's license had been revoked. The license revocation occurred in June of 1972 after two previous convictions of driving a vehicle while under the influence. Appellant was not represented by counsel at either of the previous drunk driving cases nor was he ever apprised of his right to counsel.

Appellant first argues that he cannot be convicted of a violation of A.R.S. § 28–692.02 when the revocation of his license was based upon a conviction of driving while under the influence obtained when he was not represented by counsel. This argument was rejected by our Supreme Court in State v. Sanchez, 110 Ariz. 214, 516 P.2d 1226 (1973):

". . . It follows that the civil revocation of a license pursuant to § 28–692.-01 A.R.S., may be based upon a conviction for driving while intoxicated obtained as a result of a proceeding in which the defendant was not represented by counsel, and a person whose license has been thus validly revoked can be convicted under § 28–692.02 A.R.S. for driving while under the influence with a revoked license." 516 P.2d at 1228.

Appellant next argues that the trial court erred in allowing into evidence the breathalizer test result since Arizona's implied consent law was held unconstitutional in Chavez v. Campbell, (U.S. District Court for the District of Arizona No. Civ. –7–163; Phoenix W.E.C.). He claims he was coerced by this unconstitutional law

into taking the test because the officer told him that if he did not take the test his license would be revoked.

There are two reasons why appellant's arguments must fail. First, the record of the trial is clear that appellant did *not* submit to the breathalizer test because of the knowledge that if he refused to take it his license would be revoked. Appellant testified that he took the test because he felt it would show he was not guilty of driving under the influence. Secondly, appellant hoists himself with his own petard by claiming the statute is unconstitutional. Assuming arguendo that the court in *Chavez* held the entire statute unconstitutional and not just the provisions dealing with revocation without a hearing, and assuming arguendo that *Chavez* has retroactive application, appellant would be in the same position as if no implied consent law was in effect. Evidence obtained as a result of this test has always been admissible in Arizona with or without the implied consent law. Furthermore, the testimonial privilege guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution do not apply to chemical tests for intoxication.

Appellant argues that he was put twice in jeoardy for the same offense since A.R.S. § 28–692.02 establishes a criminal offense separate from A.R.S. § 28–692. We do not agree. A.R.S. § 28–692 makes it unlawful to drive a vehicle under the influence of intoxicating liquors. A.R.S. § 28–692.02 provides as follows:

"A person whose operator's . . . license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor during the period of such suspension, revocation or refusal shall be punished upon conviction of such driving of a vehicle while under the influence of intoxicating liquor by imprisonment in the state prison for not less than one nor more than five years or by

imprisonment in the county jail for not to exceed one year or by fine not exceeding one thousand dollars or both."

It is evident that A.R.S. § 28–692.02 is a statute which enhances punishment for conviction under A.R.S. § 28–692 and that no double jeopardy is involved.

■ Appellant contends that the court erred in admitting into evidence the results of the breathalizer test since the state failed to lay an adequate foundation. In particular, he points to A.R.S. § 28–692(D), amended in 1972 (Supp.1973) which reads in part:

"Chemical analyses of the person's blood, urine, breath or other bodily substance to be considered valid under the provisions of this section shall have been performed according to methods approved by the department of health services . . . ."

■ Appellant claims the state did not prove as an element of its foundation that the procedures used in performing the test were those approved by the state department of health. A reading of the trial transcript shows that both the state and appellant were under the misapprehension that the department had issued· rules and regulations governing the procedure for administering the breathalizer. While it is true that as a foundation the state had to show that the test was performed according to methods approved by the state department of health, this can be done in the form of judicial notice. We take judicial notice of the rules and regulations for the determination of blood alcoholic content, Art. 8, part 4 of the State Department of Health of the State of Arizona. Brandes v. Mitterling, 67 Ariz. 349, 196 P.2d 464 (1948); Climate Control, Inc. v. Hill, 86 Ariz. 180, 342 P.2d 854 (1959).

The evidence presented at trial demonstrated that the analyst, Mr. Tanner, had ·an analyst's permit from the department of health and the operator of the breathalizer who took the sample in this case had an operator's permit issued by the department. Regulation 8–4–2.1 states that for the purpose of making a determination of a person's blood alcoholic content, a gas chromatography determination is approved by the department of health for use by holders of analysts' permits as a method to test breath specimens. A.R.S. § 28–692(D) does not require as a prerequisite to the introduction of the test result into evidence a showing that the procedure, as distinguished from the "method", be approved by the health department. Devices such as the breathalizer are accompanied by manufacturer's instructions as to use. Regulation 8–4–2.2 of the state department of health's rules and regulations for the determination of blood alcohol content requires only that the device has been approved by the department. Approval by the department is established when it is shown that the operator has a permit issued by the department because under Regulation 8–4–3.-2(A)(1) an operator cannot receive a permit unless he is employed by a law enforcement agency or by a laboratory which provides for his use a breath testing or collecting instrument which has been approved under Regulation 8–4–2.2.

The record in this case clearly demonstrates that the method and device used to determine appellant's blood alcohol content were approved by the state department of health.

■ Appellant lastly contends that the court erred when it instructed the jury that if, at the time he was driving there was 0.10 percent or more by weight of alcohol in his blood, it shall be presumed that he was under the influence of intoxicating liquor. He maintains that there. was no evidence that the percent by weight of alcohol in his blood was based upon grams of alcohol per 100 cubic centimeters of blood as required by A.R.S. § 28–692(C). Although there was no direct testimony that the percentage by weight of·alcohol was based upon grams of alcohol per 100 cubic centimeters of blood, the state's expert witness did testify that the device gave a direct reading of percentage by weight of alcohol in the blood. Since the device had been approved

by the state department of health, one can legitimately infer that the reading was based upon grams of alcohol per 100 cubic centimeters of blood. The court did not err in giving the instruction.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.