Dennis Albert BERRY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–137.

Court of Criminal Appeals of Oklahoma.

June 18, 1976.

Rehearing Denied July 27, 1976.

Romain S. Mossman, Woodward, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge.

Appellant, Dennis Albert Berry, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Woodward County, Case No. CRM–75–80, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. The jury fixed his punishment at nine (9) months' imprison-

ment in the county jail and a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence an appeal has been perfected to this Court.

Briefly stated, at the trial the evidence presented by the State established that at about 8:00 p. m. on March 22, 1975, a vehicle driven by defendant collided into the rear of another car stopped for a signal light at an intersection in Woodward, Woodward County, causing rather extensive damage to the latter vehicle. Defendant then exhibited symptoms indicating that he was intoxicated, and elected to submit to a breathalyzer test which revealed that the concentration of alcohol within his blood was .18% by weight per volume.

Defendant did not testify nor offer any evidence in his behalf.

■■■ The first assignment of error is essentially predicated upon the proposition that in representing himself at the trial without the assistance of an attorney defendant was deprived of the effective assistance of counsel. There is no suggestion that defendant did not knowingly and intelligently waive his constitutional right to be represented by an attorney. Rather, the argument presented is that had defendant been represented by counsel an objection would have been interposed to certain incompetent and allegedly prejudicial evidence and the sufficiency of cross-examination in his behalf would have been enhanced. However, since the evidence complained of was essentially cumulative in nature, we do not consider defendant to have been prejudiced thereby, and the admission of that evidence was certainly not fundamental error. Emphasizing that defendant was not represented by an attorney, the assertion is also presented that the trial court failed to protect defendant's rights by not directing that opening and closing arguments be recorded for review on appeal, and speculative argument is made that improper and inflammatory remarks of the prosecutor contributed to the sentence assessed by the jury. However,

in *Higgins v. State*, Okl.Cr., 506 P.2d 575 (1973), this Court held that in the absence of a request for the court reporter to record argument presented at trial, the failure to record the same could not be raised as error on appeal. In holding that an accused in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, the United States Supreme Court noted in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975):

"The right of self-representation is not a license to abuse the dignity of the courtroom. *Neither is it a license not to comply with relevant rules of procedural and substantive law.* Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " (Footnote 46, Emphasis added)

Accordingly, we hold this assignment of error to be without merit.

■■■ Again speculating that improper and inflammatory argument by the prosecutor contributed to the punishment assessed by the jury, the final assignment of error presents the contention that the sentence imposed was manifestly excessive and rendered under the influence of passion and prejudice. We cannot, however, engage in speculative presumption of prejudicial error not supported by the record. The question of the excessiveness of punishment must be resolved upon the basis of the particular facts and circumstances presented in each case. In the present case, the jury was undoubtedly persuaded by the fact that an accident causing extensive damage to the vehicle of the innocent party resulted when defendant's car collided into the rear of another vehicle simply stopped at an intersection for a signal light. Additionally, there was some evidence that defendant initially sought to leave the scene of the accident, and he did

not leave his vehicle to render assistance to the woman and young child in the vehicle with which he collided. We therefore conclude that the sentence imposed was not so excessive as to shock the conscience of this Court, and hold this assignment of error to likewise be without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.

Rehearing Denied July 27, 1976.