**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Reid GERDES, Defendant and Appellant.**

**No. 11899.**

Supreme Court of South Dakota.

Argued Jan. 12, 1977.

Decided April 15, 1977.

Rehearing Denied May 18, 1977.

John P. Guhin, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Steven W. Sanford, of Braithwaite & Cadwell, Sioux Falls, for defendant and appellant.

DUNN, Chief Justice.

This is an appeal from a conviction in the Circuit Court of the Second Judicial Circuit of being in "control of [a] vehicle while * * * [t]here is 0.10 per cent or more by weight of alcohol in his blood." SDCL 32–23–1(1). There was no transcript ordered, and the sole grounds for this appeal is the constitutionality of the statute which permits the prosecutor to proceed under subsection (1) set out above or subsection (2) of SDCL 32–23–1 which requires a greater burden of proof. We affirm.

Defendant contends that SDCL 32–23–1(1) is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and § 18, Article VI, of the South Dakota Constitution.

In SDCL 32–23–1(1), the legislature is stating an offense—namely, having control of a vehicle while having "0.10 per cent or more by weight of alcohol in his blood." Based on considerable scientific tests and research, it was concluded that a person operating a vehicle with this quantum of

alcohol in his blood is a menace and should be removed from the highways. Under this statute, the prosecutor has the burden of proving two things—(1) that the defendant is in control of the vehicle, and (2) that he has a blood alcohol content of 0.10% or more. It is not based on any presumption, conclusive or otherwise, and it applies to all persons driving on the highways with a blood alcohol content of 0.10% or more. Consequently, SDCL 32–23–1(1) on its face is not violative of the equal protection clause of either the federal or state constitution.

■ However, defendant contends that the prosecutor violates equal protection in choosing to charge one defendant under this section when he could be charged under SDCL 32–23–1(2) where a greater burden of proof is placed on the state. With this we cannot agree. The prosecutor could have determined to not charge the defendant in the first instance, or to charge him with reckless driving or some other lesser offense.

■ The prosecutor is granted very broad prosecutorial discretion without violating the equal protection clause. *United States v. Devitt,* 1974, 7 Cir., 499 F.2d 135; *United States v. Ruggiero,* 1973, 2 Cir., 472 F.2d 599; *Oyler v. Boles,* 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446. The fact that some discrimination is possible is not the test. This could be true of any prosecutorial discretion. However, with the complete lack of any evidence in this case that the prosecutor charged defendant in some discriminatory manner, this defendant would have no grounds for complaint.

Affirmed.

All the Justices concur.