[No. 10292–3–I.   Division One.   July 26, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. JOHN DAVID
URBAN, JR., *Appellant.*

*William S. Howard, Jr.,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng,
Assistant,* for respondent.

SWANSON, J.—On July 13, 1980 at 2:45 a.m., Seattle
Police Officer Cook responded to a silent alarm triggered at
a furniture store. Upon arrival at the store, the officer
observed an empty pickup truck emerge from an alley

behind the store. The officer found the truck's appearance suspicious because of the early hour and its location near the triggered alarm. These suspicions led the officer to pull over the truck although the truck's driver, Urban, was not suspected of a driving infraction. The officer discovered that Urban was intoxicated. Urban was charged with and later convicted of DWI. He appeals, claiming his arrest was unlawful, the trial court erred in denying an instruction, and the ordinance under which he was charged is unconstitutional.

We find that the detention of Urban and the arrest that followed were lawful. It is firmly established in this state that a police officer with a well founded suspicion of criminal activity may stop and detain a person for investigative purposes even though the officer's suspicion does not amount to probable cause to arrest. *State v. Gluck,* 83 Wn.2d 424, 426, 518 P.2d 703 (1974).

In the present case an officer arrived at the furniture store just after a silent alarm was triggered. He observed a truck emerge from the alley behind the store at a time when no business was being carried on in the store and no traffic was expected in the alley. These circumstances provided the officer with a well founded suspicion that the truck driver may be involved in a crime; thus the investigatory stop was justified. Once the lawful stop was made and the officer observed the drunken condition of the driver, probable cause existed for arrest of the driver.

Urban asserts that the silent alarm lacks sufficient indicia of reliability to provide a well founded suspicion. He analogizes the silent alarm to an anonymous tip given over the telephone, as in *State v. Lesnick,* 84 Wn.2d 940, 530 P.2d 243 (1975), or a tip from a named but unknown informant, as in *State v. Sieler,* 95 Wn.2d 43, 621 P.2d 1272 (1980), both of which do not support an investigatory stop. Cases involving informants are inapposite because informants may have ulterior motives for not telling the truth to the police or they may base their conclusions on unreliable information such as rumors, but a burglar alarm does not

suffer from these defects. It has no ulterior motives; it does not draw conclusions from rumors. It is merely a mechanical device meant to be activated when an attempt is made to enter a building.

Urban also objects to the trial court's refusal to give the following instruction, claiming it prevented him from arguing his theory of the case:

> The question of whether or not the driver of an automobile is under the influence of or affected by intoxicating liquor is one solely for the jury to determine from the evidence. The law recognizes that a person may have drunk liquor and yet not be under the influence of it. It is not enough to prove merely that a driver has taken liquor.

■ We are persuaded that instructions 5, 1, and 2, when read together, were sufficient and permitted defendant to argue his theory of the case.

Instruction 5:

> A person is under the influence of or affected by the use of intoxicating liquor if the person's ability to drive a motor vehicle is lessened in any appreciable degree.

Instruction 1:

> It is your duty to determine the facts in this case from the evidence produced in court . . . You are to apply the law to the facts and in this way decide the case.
>
> The evidence you are to consider consists of the testimony of the witnesses. . . .
>
> In determining whether any proposition has been proved, you should consider all of the evidence introduced by both parties bearing on the question.

Instruction 2:

> You are the sole judges of the credibility of the witnesses and of what weight is to be given the testimony of each. In considering the testimony of any witness, you may take into account the opportunity and ability of the witness to observe, the witness' memory and manner while testifying, any interest, bias, or prejudice the witness may have, the reasonableness of the testimony of the witness considered in light of all the evidence, and any other factors that bear on believability and weight.

The refusal to give a requested instruction is not error when the subject matter is adequately covered in the court's other instructions. *State v. Etheridge,* 74 Wn.2d 102, 110, 443 P.2d 536 (1968).

Urban's final claim is that Seattle Municipal Code 11.56-.020 is unconstitutional because it creates an irrebuttable presumption that a defendant is driving while intoxicated if his blood alcohol level is 0.10 percent or above. According to Urban, such an irrebuttable presumption violates the due process and equal protection clauses of the constitution because the presumption may be factually erroneous.

Seattle Municipal Code 11.56.020 is in relevant part substantially similar to RCW 46.61.504, which contains the following language:

A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within this state while:

(1) He has a 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under RCW 46.61.506, as now or hereafter amended; or

(2) He is under the influence of or affected by intoxicating liquor or any drug; or

(3) He is under the combined influence of or affected by intoxicating liquor and any drug.

This language has been held not to set up a presumption but rather to set out alternate methods of committing the crime of driving while under the influence:

Under the present statutory scheme . . . the presumptions have been abolished. . . . The statute does not presume, it defines. Thus, driving with a 0.10 percent BAC is one method of committing the crime of driving while under the influence.

*State v. Franco,* 96 Wn.2d 816, 823, 639 P.2d 1320 (1982). Accordingly, we conclude that Seattle Municipal Code 11.56.020 does not contain a presumption, but a definition of a crime.

638

The decision of the trial court is affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied September 13, 1982.

Review denied by Supreme Court December 17, 1982.