674 P.2d 895

**The STATE of Arizona, Appellee,**

v.

**Lenordos Eugene THOMPSON, Appellant.**

**No. 2 CA–CR 3072.**

Court of Appeals of Arizona, Division 2.

Oct. 13, 1983.

Review Denied Jan. 10, 1984.

---

1. A detective testified that the brother and sister with terminal cancer to whom appellee had issued numerous prescriptions were "known" narcotics dealers.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

John Cody, Sierra Vista, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant, found guilty by a jury of drunk driving or driving with a blood alcohol reading of .10% or more, and driving while his Arizona operator's license was cancelled, suspended, revoked or refused, was sentenced to prison for one year. In this appeal he attacks the constitutionality of A.R.S. § 28–692(B), contends that the trial court erred in admitting the results of the intoxilyzer into evidence and in refusing to dismiss the indictment on the ground it was duplicitous. We vacate the judgment and sentence and remand for a new trial because the verdict was void.

October 16, 1982, was not appellant's lucky day. He collided with another car as he was attempting to turn into a parking lot. The police were called to the scene and a little while later he backed his car into the police vehicle. After he failed to satisfactorily perform three tests for sobriety at the scene, he was arrested for drunk driving and a blood alcohol test, utilizing a CMI intoxilyzer, Model 4011AS, was administered. The results show a blood alcohol reading of .39%. Because of the high reading, a second test was administered one hour later which resulted in a reading of .38%.

Appellant has mounted varied constitutional attacks on A.R.S. § 28–692(B). Although some of these constitutional issues were not raised in the trial court, we shall consider them for the first time on appeal since appellant claims the statute under which he was prosecuted is void. See *State v. Junkin,* 123 Ariz. 288, 599 P.2d 244 (App.1979).

We commence by setting forth the statute, § 28–692(B):

"It is unlawful and punishable as provided in 28–692.01 for any person to drive or be in actual physical control of any

vehicle within this state while there is 0.10 percent or more by weight of alcohol in the person's blood."

Appellant contends the statute is void for vagueness because he has no way of knowing when he has the proscribed amount of alcohol in his blood since he is not a chemist nor a mathematician and because such factors as height, weight, and rate of absorption vary from individual to individual. Appellant's contention is totally devoid of merit.

■■■ The void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary persons could understand what is prohibited and in a manner that does not encourage arbitrary enforcement. *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). The more important aspect of the vagueness doctrine is not actual notice but the requirement that a legislature establish minimal guidelines to govern law enforcement. *Kolender v. Lawson,* —— U.S. ——, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). There can be no doubt here that the important aspect mentioned in *Kolender v. Lawson,* supra, is met here. Nor can there be any doubt that the statute gives fair warning of the prohibited conduct. As the Washington Supreme Court stated in *State v. Franco,* 96 Wash.2d 816, 639 P.2d 1320, 1324 (1982):

"[I]t is reasonable to assume that the physical and mental condition of a driver with such a high level of blood alcohol is impaired. [citations omitted.] In addition charts are available through various sources, including the state liquor board, showing the number of drinks necessary to produce the reading. Thus, although one can legally drink and drive, [citations omitted] our DWI law makes it perfectly clear that the two activities cannot be mixed to the extent that the drinking affects the driving, or the driver has a 0.1 percent of alcohol in his blood. No further specificity is required if the statute gives fair warning of prohibited conduct."

We find especially appropriate the language of the court in *Morgan v. Municipality of Anchorage,* 643 P.2d 691 (Alaska App. 1982):

"Morgan also argues that the ordinance should be construed to require a defendant to know that he is under the influence of intoxicating liquor before he can be found to have violated the ordinance. We do not believe that a person who intentionally drinks and intentionally drives must be aware that he is under the influence of alcohol in order to be convicted under AMC 9.28.020(B)(1). It certainly does not make sense to allow a defendant to claim that his intentional consumption of alcohol impaired his ability to know that he was intoxicated. *It does make sense to require a person who drinks and drives to be responsible for not drinking to the point where he is under the influence of alcohol.* He should drive at his peril rather than only at the public's peril. We find no due process violation."[1] (Emphasis added.) 643 P.2d at 692.

Appellant next contends that the statute is unconstitutional because it contains a statutory presumption which is irrational and arbitrary, see *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and because the statutory presumption has been elevated to an essential element of the crime. We do not agree.

Prior to its amendment in 1982, our drunk driving statute made it unlawful to

---

1. See also *Cooley v. Municipality of Anchorage,* 649 P.2d 251, 253 note 3 (Alaska App.1982); *VanBrunt v. State,* 646 P.2d 872, 873 (Alaska App.1982); *Coxe v. State,* 281 A.2d 606, 607 (Del.1971); *State v. Hamza,* 342 So.2d 80 (Fla. 1977); *Roberts v. State,* 329 So.2d 296, 297 (Fla.1976); *State v. Bassinger,* 30 N.C.App. 45, 226 S.E.2d 216, 218–219 (1976); *State v. Abbott,* 15 Or.App. 205, 514 P.2d 355, 357 (1973); *State v. Gerdes,* 252 N.W.2d 335, 335–336 (S.D. 1977); *Greaves v. State,* 528 P.2d 805, 808 (Utah 1974); *State v. Melcher,* 33 Wash.App. 357, 655 P.2d 1169, 1170 (1982); *State v. Ball,* 264 S.E.2d 844, 847 (dictum) (W.Va.1980). And see *State v. Parker,* 136 Ariz. 474, 666 P.2d 1083 (App.1983) where we rejected the same argument alleged as a "due process" violation.

drive or be in control of a motor vehicle if a person was under the influence of intoxicating liquor. The law also contained a rebuttable presumption that if a person had .10% or more by weight of alcohol in his blood, that the person was under the influence. When the law was amended in 1982, two separate and distinct offenses were created, driving or being in control while under the influence, A.R.S. § 28–692(A) and driving or being in control with a .10% or more by weight of alcohol in the blood, A.R.S. § 28–692(B). The difference between these two crimes was noted in *Anderjeski v. City Court of City of Mesa,* 135 Ariz. 549, 663 P.2d 233 (1983):

> " * * * It is possible to have less than 0.10 blood alcohol content and still be under the influence of intoxicating liquor. Such a person would then be guilty of violating paragraph (A) and not paragraph (B). On the other hand, a person may have over 0.10 blood alcohol content and still not have his driving abilities significantly impaired to come within the provisions of A.R.S. § 28–692(A), driving under the influence ·of intoxicating liquor. . . ." 663 P.2d at 235.

■ A.R.S. § 28–692(B) does not contain any presumption. It was enacted because of the potential harm from persons driving with .10% by weight of alcohol in their blood. It is no more unconstitutional than a statute which makes it illegal to carry a concealed weapon.

■ Appellant contends that the statute is overbroad and therefore unconstitutional. We do not agree. A statute is overbroad when its language, given its normal meaning, is so broad that sanctions may apply to conduct which the state is not entitled to regulate.· *State v. Johnson,* 112 Ariz. 383, 542 P.2d 808 (1975); *State ex rel. Purcell v. Superior Court,* 111 Ariz. 582, 535 P.2d 1299 (1975); *State v. Schoner,* 121 Ariz. 528, 591 P.2d 1305 (App.1979). Appellant's premise for his attack is his following statement: "It sweeps persons who may register 0.10 percent or more on the State's instruments because of the presence of ace-

tone or other substances in their blood or breath under the statute, subjecting persons who have no alcohol in their blood and who are not intoxicated to criminal sanctions." Since no First Amendment rights are at issue here, appellant's "overbreadth" argument is without merit. See *State v. Carruth,* 132 Ariz. 368, 645 P.2d 1282 (1982) which holds that unless the legislation, by its terms, regulates the exercise of First Amendment rights, its constitutionality may not be challenged on the ground that it may apply to parties not before the court.

■ Appellant's next argument is also a "due process" argument. He argues that since A.R.S. § 28–692(A) is malum prohibitum, in other words, no criminal intent is necessary, it should be treated as a malum in se statute because the punishment is not relatively small.[2] Therefore, since it should be treated as a malum in se offense, criminal intent must be present and since there is no criminal intent in the statute, it violates due process. We are unable to agree with this circular argument. While criminal intent is generally required for criminal conduct, it is within the power of the legislature to criminalize certain acts without regard to the actor's intent. *State v. Cutshaw,* 7 Ariz.App. 210, 437 P.2d 962 (1968). A.R.S. § 13–202(B) states that absent an express culpable mental state, none is required and the offense becomes one of strict liability. We know of no case and appellant has cited no case to us that states that an offense which is malum prohibitum is unconstitutional if the punishment is not relatively small.

A.R.S. § 28–692(C) states:

"The state shall not dismiss a charge of violating subsection A or B of this section:

(1) In return for a plea of guilty or no contest to any other offense by the person charged with the violation of subsection A or B of this section, or

(2) For the purpose of pursuing any other misdemeanor or a petty offense, including those arising out of the same

---

**2.** For example there are mandatory jail and prison sentences for second and third offenses.

event or course of conduct, unless there is clearly an insufficient legal or factual basis to pursue the charge of violating subsection A or B of this section."

■ Appellant contends that the above statute is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and the equal protection clause of the Constitution of the State of Arizona because it does not permit plea bargaining, whereas plea bargaining is recognized for other more serious crimes. We are unable to agree with this contention. The legislative classification of the statute consists of all persons in control of a motor vehicle with .10% or more by weight of alcohol in their blood. The test for validity of legislative classification is whether it is arbitrary and capricious and whether there is a rational relationship to a legitimate purpose. *Marshall v. United States,* 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); *State v. Mulalley,* 127 Ariz. 92, 618 P.2d 586 (1980). The short answer in this case is that A.R.S. §§ 28–692(A) and (B) do not create any separate classification of offenders since they apply to *all* persons who are driving or in control of a motor vehicle.

■ Appellant contends that the intoxilyzer results were admitted erroneously over his objection. At the trial his only objection was "on grounds of foundation." On appeal, appellant expands his basis for objection by alleging that the testimony failed to exhibit "regular" calibration. This specific objection was never raised or ruled at trial. Such failure precludes appellate review. *State v. Martinez,* 134 Ariz. 119, 654 P.2d 53 (App.1982).

■ Appellant contends the trial court erred in refusing to dismiss the indictment because it was duplicitous. The indictment charged, in one count, that appellant either was driving under the influence or was driving with a blood alcohol reading of .10% or more. We need not decide whether appellant could have been charged in the same count with an alternative allegation. What is wrong here is that the jury convicted him of *either* being under the influence or driv-

ing or being in control with a blood alcohol content of .10%. Since there are two separate crimes involved, see *Anderjeski v. City Court of the City of Mesa,* supra, it is clear that the jury's verdict was void. It would be as if the jury had convicted someone of grand theft *or* burglary. Of which crime did the jury convict him?

The verdict, judgment and sentence are vacated and set aside and the case is remanded for a new trial.

HATHAWAY and BIRDSALL, JJ., concur.