139 Ariz. 236 (1984)
677 P.2d 1344
The STATE of Arizona, Appellee,
v.
Paul LUJAN, Appellant.
No. 2 CA-CR 3042.
Court of Appeals of Arizona, Division 2.
February 28, 1984.
*238 Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.
John Cody, Sierra Vista, for appellant.
OPINION
HATHAWAY, Judge.
Appellant was driving on Fry Boulevard in Sierra Vista on August 26, 1982, when he was stopped by police for erratic driving. There were several passengers in the car, and the officer that stopped the car noticed several empty beer containers inside on the floor. Appellant was asked to get out of the vehicle and move to the rear, whereupon the officer noticed an odor of alcohol on appellant's breath and that appellant was "swaying." Appellant could not produce his driver's license, and he failed a series of field sobriety tests. He was arrested and brought to the sheriff's department, where he took an intoxilyzer test. The test showed a .20 blood alcohol level. Appellant was indicted for driving while intoxicated while his license was suspended. After a jury trial, appellant was convicted and sentenced to serve six months in jail, three years of probation and participate in an appropriate alcohol treatment program.
Appellant attacks his conviction and sentence on appeal, raising several issues:
1. Whether he is permitted to expand arguments made at trial which contest the constitutionality of A.R.S. § 28-692;
2. Whether the presumption of intoxication is an essential element of the offense under A.R.S. § 28-692(B);
3. Whether the statute is unconstitutionally vague;
4. Whether the statutory punishment is grossly disproportionate to the crime;
5. Whether the statute violates due process restrictions involving strict liability crimes;
6. Whether the statute is unconstitutionally overbroad;
7. Whether the statute unconstitutionally prohibits plea bargaining;
8. Whether the breathalyzer test results were properly admitted; and,
9. Whether the indictment should have been dismissed for being duplicitous.
Many of the issues raised here by appellant were resolved by us in State v. Thompson, 138 Ariz. 341, 674 P.2d 895 (App. 1983). In Thompson, we found that A.R.S. § 28-692 was neither vague nor overbroad, that it did not unconstitutionally prohibit plea bargaining and that the statute does not contain an unconstitutional presumption. We find no reason to overrule or distinguish Thompson on the basis of this case and uphold its conclusions. We proceed to the remaining issues.
Appellant contends, without argument from appellee, that he has standing to challenge the constitutionality of A.R.S. § 28-692(B). Since the provisions of that section were the basis for appellant's indictment and conviction, we agree. Appellant also contends that his arguments at trial concerning the statute's constitutionality were not as expansive as they are here, but that he should nonetheless be allowed to raise them here. Since appellant claims that § 28-692(B) is void, we will consider all of his appellate arguments, regardless of whether he raised them at trial. State v. Thompson, supra.
Appellant next contends that A.R.S. § 28-692(B) violates his due process rights, applying an argument strikingly similar to that employed in State v. Thompson, supra. The argument appears to be that § 28-692(B) carries with it a relatively large punishment, characteristic of a malum in se offense. If this offense is in fact malum in se, then criminal intent is *239 required and the statute makes no provision for intent as a necessary element of the crime. Thus, appellant reasons, the statute is unconstitutional. Our holding in Thompson, finding § 28-692(A) was not a malum in se offense is equally applicable to § 28-692(B), since the punishment for the two sections is identical. We therefore find appellant's due process rights have not been violated.
Appellant next argues that the punishment for violating A.R.S. § 28-692 is disproportionately severe and that the statute is thus unconstitutional. He alleges that the punishment, when taken together with the alleged vagueness of the statute, the inability of an offender to challenge the presumption under § 28-692(B), and the strict liability nature of the crime, is unjustly severe. The test for a punishment that is allegedly too harsh is whether the mandatory sentence offends society's perceptions of decency. State v. Mulalley, 127 Ariz. 92, 618 P.2d 586 (1980). Among the factors to be considered are the nature of the crime and the offender and a comparison of similar statutory punishment schemes in other jurisdictions. State v. Mulalley, supra.
Since the issues of vagueness, presumption and criminal strict liability have been decided adversely to the appellant, we consider the severity of the punishment question by itself. Initially, we take notice of the staggering number of deaths and serious injuries inflicted on our motorists by drunk drivers. The legislature, in an effort reflecting the outrage at this highway carnage, determined that a person driving while under the influence of alcohol or with a .10 blood alcohol level and with a suspended license should receive a minimum of six months in jail. It cannot be said that this sentence is unusually harsh or excessive when considered in light of the legislative objective to remove drunk, unlicensed drivers from the road. Similar sentences in other jurisdictions have been upheld. See State v. Wilson, 100 Idaho 725, 604 P.2d 739 (1979) (six month jail sentence upheld based on second conviction of driving while intoxicated); Berry v. State, 552 P.2d 87 (Okl.Cr. 1976) (nine month sentence for driving while intoxicated upheld).
Appellant further argues that the indictment was duplicitious in that it charges him with two offenses in a single count and that it should have been dismissed. We agree. The indictment allowed the jury to convict appellant of driving while under the influence or driving or being in control of a vehicle with a blood alcohol level of .10. Since these are two separate offenses, the jury's verdict is void and the judgment and sentence are vacated. State v. Thompson, supra.
For purposes of retrial, we address appellant's argument concerning the prosecution's failure to lay a proper foundation for the introduction of the breath test results into evidence. As we did in State v. Zaragoza, 21 Ariz. App. 596, 522 P.2d 552 (1974), we take judicial notice of the rules and regulations for the determination of blood alcohol content, Art. 4, § 4-14-401, et seq., of the Department of Health of the State of Arizona. The state elicited ample testimony from Officers Stephen Lee and Donald Kyte regarding their qualifications for the operation and calibration of the intoxilyzer machine. There was also sufficient, though indirect, testimony that Officer Lee followed the prescribed procedures for a proper breath test. Thus, a proper foundation was laid. We also disagree with appellant's contention that scientific evidence was necessary regarding the interpretation of the test results. The evidence demonstrated that the machine issued a printed card with the test results clearly indicated, requiring no interpretation.
This case is remanded for retrial consistent with this opinion.
BIRDSALL, C.J., and HOWARD, J., concur.