220 N.J. Super. 104 (1984)
531 A.2d 741
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH O'CONNOR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1984.
Decided September 26, 1984.
Before Judges ANTELL and J.H. COLEMAN.
*105 Donald A. Caminiti argued the cause for appellant (Breslin and Breslin, attorneys; Donald A. Caminiti on the brief).
Boris Moczula, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Boris Moczula of counsel and on the brief).
PER CURIAM.
Defendant appeals his conviction for operating a motor vehicle while under the influence of liquor, N.J.S.A. 39:4-50(a). He was stopped while operating his vehicle at approximately 2:48 A.M. on April 17, 1983. In response to questions asked at the State Police station, defendant acknowledged having consumed three Bloody Marys between 11:00 P.M. and 2:45 A.M. Two breathalyzer readings were then taken, the first at 3:15 A.M. and the second at 3:25 A.M. Both indicated a blood alcohol concentration of .12%. The statute under which he was convicted prohibits any person "with a blood alcohol concentration of 0.10% or more by weight of alcohol in the ... blood" from operating a motor vehicle.
Defendant argues that N.J.S.A. 39:4-50(a) violates the requirements of due process by imposing a mandatory presumption of intoxication. The argument is stopped short, however, by the fact that the statute does not create a presumption. It flatly prohibits the operation of a motor vehicle by any driver whose blood alcohol concentration equals or exceeds .10%, and the penal consequences for violations thereof apply without regard to whether the operator's ability to drive a motor vehicle is impaired. We find no lack of clarity in the terms of the statute, nor discern any constitutional impediment to their enforcement. For analyses of similar statutes reaching the same result in other jurisdictions see Fuenning v. Superior Ct., County of Maricopa, 139 Ariz. 590, 680 P.2d 121, 126-127 (Sup.Ct. 1983); State v. Thompson, 138 Ariz. 341, 674 P.2d 895, 898-899 (Ct.App. 1983); State v. Lujan, 139 Ariz. 236, 677 P.2d *106 1344, 1346-1347 (Ct.App. 1984); Burg v. Municipal Ct. for Santa Clara Judicial Dist., 144 Cal. App.3d 169, 192 Cal. Rptr. 531 (Ct.App. 1983), aff'd 35 Cal.3d 257, 198 Cal. Rptr. 145, 673 P.2d 732, 737-739 (Sup.Ct. 1983) cert. denied, 466 U.S. 967, 104 S.Ct. 2337, 80 L.Ed.2d 812 (1984); City of Seattle v. Urban, 32 Wash. App. 634, 648 P.2d 922, 924-925 (Ct.App. 1982); People v. Ziltz, 98 Ill.2d 38, 74 Ill.Dec. 40, 42-43, 455 N.E.2d 70, 72-73 (Sup.Ct. 1983); State v. Abbott, 15 Or. App. 205, 514 P.2d 355, 357 (Ct.App. 1973); Coxe v. State, 281 A.2d 606, 607-608 (Del. Sup.Ct. 1971); State v. Gerdes, 252 N.W.2d 335, 335-336 (S.D. Sup.Ct. 1977).
We conclude that a breathalyzer reading of .12% obtained 27 minutes after operation of the vehicle is sufficient to support a finding that defendant's blood alcohol concentration at the time of operating the motor vehicle was .10% or more.
Affirmed.