201 N.J. Super. 202 (1985)
492 A.2d 1087
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES KREYER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1985.
Decided May 21, 1985.
*203 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Robert E. Cassidy, attorney for appellant.
Lee S. Trumbull, Morris County Prosecutor, attorney for respondent (Catherine L. Langlois, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
Defendant was convicted in the municipal court for operating a motor vehicle while he was under the influence of alcohol, *204 N.J.S.A. 39:4-50. Following a trial de novo in the Law Division he was again found guilty as charged. He was fined $250 and his driving privileges were suspended for a period of six months.
The only point urged by defendant on this appeal is that although his two breathalyzer tests revealed readings of .14% and.13%, he was nonetheless not under the influence of alcoholic beverage and therefore not in violation of the statute. The statute under which defendant was convicted flatly prohibits the operation of a motor vehicle by any driver whose blood alcohol concentration equals or exceeds .10%, and the penal consequences for violations thereof apply without regard to whether the operator's ability to drive a motor vehicle is impaired. We discern no lack of clarity in the terms of the statute, nor any constitutional impediment to their enforcement. For analyses of similar statutes reaching the same result in other jurisdictions, see Fuenning v. Superior Ct., County of Maricopa, 139 Ariz. 590, 680 P.2d 121, 126-127 (Sup.Ct. 1983); State v. Thompson, 138 Ariz. 341, 674 P.2d 895, 898-899 (Ct.App. 1983); State v. Lujan, 139 Ariz. 236, 677 P.2d 1344, 1346-1347 (Ct.App. 1984); Burgv. Municipal Ct. for Santa Clara Judicial Dist., 35 Cal.3d 257, 198 Cal. Rptr. 145, 673 P.2d 732, 737-739 (Sup.Ct. 1983) (vacating 144 Cal. App.3d 169, 192 Cal. Rptr. 531 (Ct.App. 1983)), cert. den., ___ U.S. ___, 104 S.Ct. 2337, 80 L.Ed.2d 812 (1984); City of Seattle v. Urban, 32 Wash. App. 634, 648 P.2d 922, 924-925 (Ct.App. 1982); People v. Ziltz, 98 Ill.2d 38, 74 Ill.Dec. 40, 455 N.E.2d 70, 72-73 (Sup.Ct. 1983); State v. Abbott, 15 Or. App. 205, 514 P.2d 355, 357 (Ct.App. 1973); Coxe v. State, 281 A.2d 606, 607-608 (Del.Sup. Ct. 1971); State v. Gerdes, 252 N.W.2d 335, 335-336 (S.D.Sup. Ct. 1977).
Affirmed.