710 P.2d 1093

The **STATE** of Arizona, Appellee,

v.

**Balvanero Flores ACUNA, Appellant.**

**No. 2 CA–CR 3758.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 27, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carla Ryan, Tucson, for appellant.

OPINION

FERNANDEZ, Judge.

Appellant was convicted by a jury and sentenced by the court for the following crimes: count one, driving while under the influence of intoxicating liquor while his driver's license was suspended or revoked, a class 5 felony, 2.5 years' imprisonment; count two, driving under the influence of intoxicating liquor with two prior convictions within 60 months, a class 5 felony, 2.5 years' imprisonment; count three, driving

while license is suspended or revoked because of a prior D.U.I. conviction, a class 1 misdemeanor, six months. The jury found that appellant had two prior convictions, and the sentences were ordered to run concurrently.

Because counts one and two of the indictment described alternative separate offenses, appellant contends that pursuant to *State v. Thompson*, 138 Ariz. 341, 674 P.2d 895 (App.1983), and *State v. Lujan*, 139 Ariz. 236, 677 P.2d 1344 (App.1984), this case must be reversed. We disagree and affirm.

The indictment as to counts one and two under A.R.S. § 28–692(A) and (B) charge that the offense was committed while appellant was under the influence of intoxicating liquor *and/or* while there was a 0.10% or more by weight of alcohol in his blood. Appellant contends that it is unclear for which crime he was convicted.

The forms of verdict that were presented to the jury in this case as to counts one and two were as follows:

"We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, BALVANERO FLORES ACUNA, _____ of the crime of DRIVING WHEN UNDER THE INFLUENCE OF INTOXICATING LIQUOR WHILE LICENSE WAS SUSPENDED, CANCELLED, REVOKED OR REFUSED, OR WHEN PERSON NEVER APPLIED FOR OR OBTAINED LICENSE, as alleged in Count One of the Indictment.

"We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, BALVANERO FLORES ACUNA, _____ of the crime of DRIVING WHEN UNDER THE INFLUENCE OF INTOXICATING LIQUOR, as alleged in Count Two of the Indictment."

In *State v. Thompson*, supra, appellant was found guilty by a jury of drunk driving *or* driving with a blood alcohol reading of 0.10 percent or more. No one could tell from the verdict of which offense the jury had found Thompson guilty since the verdict itself was written in the alternative. Here the verdict submitted to the jury could only result in a finding of driving when under the influence of intoxicating liquor, and there is no mention of the alternative indictment allegation of a blood alcohol content of over 0.10 percent. In *Thompson*, the defendant moved to dismiss the indictment as duplicitous, but no such motion was made in this case. The issue was not raised until the appeal. We must determine whether, in the absence of an objection, the submission of the case to the jury in this manner is fundamental error.

The record shows that the forms of verdict were submitted to both counsel by the court and were approved by them. At that point the jury no longer had the opportunity to rule on the issue of whether the appellant had or had not committed the crime of driving with a blood alcohol content of over 0.10 percent. Appellant cannot have been prejudiced by this procedure.

We find no fundamental error. The record shows the appellant testified and the issues were fully tried to the jury. Fundamental error has been described as error that goes to the foundation of the case or which takes from the defendant a right essential to his defense. *State v. Thomas*, 130 Ariz. 432, 636 P.2d 1214 (1981). Additionally, it has been said to be "error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial." *State v. Smith*, 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977).

By affirming, we are not approving the procedure followed in this case. Since appellant was charged with separate crimes, the better procedure would have been to allege separate counts in the indictment according to *State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982).

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.