213 N.J. Super. 383 (1986)
517 A.2d 490
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARBARA J. GHEGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1986.
Decided October 29, 1986.
*384 Before Judges FURMAN and STERN.
John H. Schmidt, Jr., argued the cause for the appellant (Lindabury, McCormick & Estabrook, attorneys).
Mark Schneider, Assistant Prosecutor, argued the cause for the respondent (John H. Stamler, Union County Prosecutor, attorney).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Defendant appeals from her conviction of drunk driving, N.J.S.A. 39:4-50, following a trial de novo in the Law Division on the Municipal Court transcript. We reverse and remand.
The Law Division Judge erroneously applied State v. Kreyer, 201 N.J. Super. 202 (App.Div. 1985). Kreyer, in his view, mandated a conviction based upon the .25% blood alcohol reading in defendant's breathalyzer test. He referred to Kreyer as imposing strict liability against a driver of a motor vehicle with a blood alcohol reading of .10% or higher.
Dr. Lester, defendant's expert, testified that the videotape admitted in the Municipal Court trial showing defendant taking balance and coordination tests and reciting the alphabet at police headquarters was consistent with a blood alcohol reading of .05%, not .25%, and that no one registering .25% could have performed as well as defendant did. The State offered no expert testimony contradicting or questioning Dr. Lester. Recognizing that Dr. Lester's opinion raised an "interesting point" as to the "apparent inconsistency of the videotape," the *385 Law Division Judge nevertheless considered himself barred by Kreyer from reaching any result other than a conviction.
We disagree. Kreyer does not mandate that a .10% blood alcohol reading is irrebuttable. Rather, Kreyer should be limited to its holding that a .10% reading is sufficient to prove a violation of N.J.S.A. 39:4-50 prima facie, "without regard to whether the operator's ability to drive a motor vehicle is impaired."
Independently of the breathalyzer result, the Law Division judge did not base defendant's conviction upon the alternative ground of physical evidence of drunkenness, such as symptoms observed by the arresting police officers or failure of defendant to perform adequately on balance and coordination tests or in reciting the alphabet. As the judge below did, we have viewed the videotape of defendant at headquarters. The only obvious symptoms or results suggesting drunkenness are that defendant swayed slightly in the heal-to-toe test and omitted the letter "v" in her first, but not her second, recital of the alphabet. We cannot hold as a matter of law that the videotape is inconsistent with Dr. Lester's opinion testimony.
Reversed and remanded in accordance herewith for a retrial de novo on the Municipal Court transcript.