214 N.J. Super. 185 (1986)
518 A.2d 768
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PROSPER A. COLASURDO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1986.
Decided December 9, 1986.
*186 Before Judges DREIER, SHEBELL and STERN.
Steven M. Janosko, Assistant Prosecutor, argued the cause for appellant (Jeffrey S. Blitz, Atlantic County Prosecutor, attorney; Steven M. Janosko, on the brief).
Frances A. Hartman argued the cause for respondent (Jacobs, Todd & Bruso, attorneys; Howard L. Metz, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendant, Prosper A. Colasurdo, was charged with driving while under the influence of alcohol in violation of N.J.S.A. 39:4-50 after being subjected to two breathalyzer tests, both of which indicated a .30% blood alcohol content.
At a hearing before the Somers Point Municipal Judge the prosecution moved for an adjournment because it could not find a videotape made of the defendant while he was performing physical agility tests at the police station shortly after his arrest. The judge denied this motion but gave the prosecution *187 ten days to produce the missing videotape. Defendant's motion to dismiss the complaint for failure to produce the videotape was also denied, although the court subsequently declared a mistrial because of a mix-up concerning inspection certificates for the breathalyzer machine.
When the matter was rescheduled the parties stipulated that the videotape was unavailable and defendant made another motion to dismiss which was granted. On appeal to the Law Division, the dismissal was reversed and the matter remanded to the Municipal Court for trial.
At trial defendant made a third motion to dismiss for failure to produce the videotape which was denied. Thereafter, defendant entered a guilty plea to the drunk driving charge but reserved the right to appeal the question of the missing videotape.[1] A fine of $250 was imposed with costs of $15 and defendant's driving privileges were revoked for nine months. On defendant's appeal to the Law Division, the court dismissed the complaint against defendant on the basis of the missing videotape. The State appeals the order dismissing the complaint.
While driving on patrol Somers Point Patrolman Byron encountered a vehicle driven by the defendant coming directly at him in the wrong lane of travel. The officer drove his vehicle onto the shoulder to avoid a head-on collision and made a U-turn to pursue the vehicle. During the pursuit, defendant's vehicle crossed over the center dividing line several times into the opposite lane of traffic, nearly striking a railing on the opposite side of the roadway while it was crossing a bridge. The officer turned on the patrol car's red lights and siren and defendant's vehicle stopped about 500 yards past the bridge.
*188 The officer knocked on the car window. Defendant opened the door, tried to get out and fell to the ground. The officer picked up the defendant, who was only able to produce his driver's license. The officer testified to his observations of defendant at the arrest scene:
As he spoke, there was an odor ... a strong odor of an alcoholic beverage on his breath. He spoke slow, slurred; and at points, he was incoherent. He kept rambling, slobbering. When he stood, his feet were wide apart. At points, he had to lean on me from falling over or he leaned on his vehicle.
The officer attempted to have defendant perform balance tests but defendant kept falling over and the officer had to catch him to prevent him from hitting the ground. Defendant was arrested and transported to the police station.
After being processed defendant underwent a sequence of physical agility and balance tests and then was given the two breathalyzer tests. According to Byron's testimony, defendant's performance on the balance tests at the police station was about as poor as at the arrest scene. This testimony as to defendant's performance at headquarters was corroborated by the testimony of Captain Orville Mathis, who maintained storage of the tapes and was the only officer to view defendant's tape. Mathis testified he saw defendant on the tape staggering on each test with Officer Byron having to catch him to prevent him from falling and that he did not successfully complete a single test. Defendant's first attorney, who is no longer retained by him, also viewed the videotape at the Somers Point police station.
Captain Mathis conducted an investigation into what caused the tape to be missing. He testified that his investigation did not reveal any indication that the tape "was purposely destroyed or reused or removed from that department." Both the Municipal Court Judge and the Law Division Judge who dismissed the complaint found no bad faith in the loss of the videotape.
The State argues that defendant failed to demonstrate that loss of the videotape constituted a suppression of evidence *189 which was exculpatory or otherwise material to defendant's preparation of his case and thus, did not result in a deprivation of due process under the rule of Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963) so as to warrant a dismissal.
New Jersey has adopted the Brady rule that "[t]he withholding of material evidence favorable to a defendant is a denial of due process and the right to a fair trial irrespective of the good faith or bad faith of the prosecution." State v. Carter, 69 N.J. 420, 432-433 (1976). The New Jersey Supreme Court stated that the focus should be on the essential fairness of the trial. Id. at 433. The test is whether the evidence could induce reasonable doubt as to the verdict or would tend to exculpate defendant. Id. at 433-434.
The United States Supreme Court in California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413, 422 (1984) said that to meet the standard of materiality "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."
The determination of whether due process was violated when there has been either suppression, loss or destruction of physical evidence in a criminal trial should focus on three factors:
(1) whether there was bad faith or connivance on the part of the government, ... (2) whether the evidence suppressed, lost or destroyed was sufficiently material to the defense, ... [and] (3) whether defendant was prejudiced by the loss or destruction of the evidence.... [State v. Hollander, 201 N.J. Super. 453, 479 (App.Div.) (citations omitted), certif. den. 101 N.J. 335 (1985)].
Defense counsel has asserted that the loss of the videotape of defendant's performance on balance tests at the police station deprived defendant of the "best piece of evidence" and that it was exculpatory, crucial and material to the defense as it would show that defendant "was sober" and "would have passed all these psychophysical tests."
*190 However, the defense failed to present evidence to support these contentions and relied only on testimony regarding Patrolman Byron's accusation that a fellow officer deliberately removed the tape, and on testimony concerning the damaging of the breathalyzer some four or five months before defendant's arrest. The municipal court judge gave little weight to this evidence. Byron provided no basis for the accusation. He was disciplined with a three-day suspension and a fine for making the unfounded accusation.
The breathalyzer used was certified after inspection by a State trooper some six days before defendant's arrest. Although the test certificates were not entered into evidence due to appellant's guilty plea, it is clear from the record that such certificates were available. The two breathalyzer readings were within .01% of one another, presumptively establishing the reliability of results as not affected or tainted by radio frequency interference. Romano v. Kimmelman, 96 N.J. 66, 86 (1984). The testimony of the two witnesses who supported the assertion of the machine's inaccuracy was unreliable. One witness, a former Somers Point police officer who had unsuccessfully attempted to be reinstated, could only offer hearsay. The other, a Somers Point police officer, was not present when defendant was tested and was unaware that the machine had been repaired and recertified.
Defendant failed to establish that the missing videotape possessed any exculpatory value and failed to show that he "would be unable to obtain comparable evidence by other reasonably available means." Trombetta, 467 U.S. at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422. Nor did he rebut the testimony of the two witnesses concerning his inability to complete the balance tests at the station. The witnesses' testimony shows defendant's behavior was consistent with his breathalyzer test results of.30% blood alcohol level, contrary to defense counsel's naked assertions that the missing evidence would be favorable.
*191 Further, the loss of the tape did not obviate proof of its contents. If the tape were considered a writing under Evid.R. 70, proof of its contents would be admissible by testimony of witnesses even if they were not present during the taping. Evid.R. 70(1)(a). Defendant made no effort to produce his former attorney who had viewed the tape. Defendant argued in his brief that having the attorney testify would violate the attorney-client privilege. No privilege is applicable here, as defense counsel candidly admitted at oral argument. If he were to testify the attorney would be talking about what he saw on the tape, not about communications between a lawyer and his client. Evid.R. 26. Defendant has proven neither intentional misconduct nor materiality of the missing videotape.
Dismissal of the complaint is not warranted where the State was merely inadvertent or negligent in its failure to disclose the evidence absent a showing that the evidence is material and favorable to the defendant. State v. Carter, 85 N.J. 300, 311 (1981); State v. Laganella, 144 N.J. Super. 268, 281-282 (App.Div.), appeal dismissed 74 N.J. 256 (1976). Cf. United States v. Bryant, 439 F.2d 642, 652 (D.C. Cir.1971).
Videotape evidence of defendant's physical impairment or lack of it would only be relevant on the issue of the accuracy of the breathalyzer readings. State v. Ghegan, 213 N.J. Super. 383 (App.Div. 1986). N.J.S.A. 39:4-50 "flatly prohibits the operation of a motor vehicle by any driver whose blood alcohol concentration equals or exceeds .10%, and the penal consequences for violations thereof apply without regard to whether the operator's ability to drive a motor vehicle is impaired." State v. Kreyer, 201 N.J. Super. 202, 204 (App.Div. 1985). It is clear defendant failed to demonstrate that the tape would be favorable to him and failed to show that secondary evidence of the contents of the tape through testimony of his former attorney was unavailable. Trombetta, 467 U.S. at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422.
*192 In these circumstances, the Law Division erred in dismissing the complaint as defendant was not denied his right to a fair trial. Carter, 69 N.J. at 432-433. The evidence of defendant's intoxication is overwhelming without considering the high breathalyzer readings. His operation of his vehicle, his demeanor when arrested, and his inability to perform balance tests were sufficient to prove his violation of N.J.S.A. 39:4-50 and, no doubt, engendered his guilty plea.
We reverse the dismissal and reinstate defendant's guilty plea and sentence.
NOTES
[1] R. 3:9-3(f) may not be applicable to the municipal court under R. 7:1 inasmuch as plea bargaining is not permitted in the municipal courts. See R. 7:4-2.