769 P.2d 1043
**STATE of Arizona, Appellee,**

v.

**Elroy Titus HAVATONE, Appellant.**

**No. 1 CA–CR 88–791.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 28, 1989.

**598**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel Crim. Div. and Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Kenneth D. Everett, Mohave County Public Defender by David B. Lowry, Deputy Public Defender, Kingman, for appellant.

## OPINION

CONTRERAS, Presiding Judge.

In this criminal appeal, the primary question presented for our consideration is whether a person who has been arrested for driving while under the influence of alcohol has a constitutional right to have the police make an audio or video recording of him at or near the time of his drunken driving arrest. We conclude that there is no such constitutional right and therefore affirm appellant's convictions.

On March 5, 1988, Kingman police officer Raymond Sipe stopped appellant after the vehicle appellant was operating ran a red light. After appellant and the police officer had exited their respective vehicles and were standing near each other, the officer smelled alcohol on appellant's breath and noticed that appellant's eyes were watery and bloodshot. Officer Sipe subsequently administered field sobriety tests to the appellant. His performance indicated to the police officer that appellant was intoxicated. Appellant was then arrested for driving while intoxicated and transported to the police station. At the station, appellant, after being advised of Arizona's implied consent law, refused to take the breath test. The police did not make an audio or videotape of these events.

Appellant was indicted on one count of driving a motor vehicle while under the influence of intoxicating liquor with two prior convictions within 60 months, and one count of driving a motor vehicle while under the influence of intoxicating liquor with a suspended/revoked driver's license. Following a trial, the jury returned guilty verdicts on each count. Appellant then waived his right to trial by jury on the issue of the alleged prior convictions, and admitted that he had suffered two prior driving-while-under-the-influence convictions within the last 60 months. The trial court imposed a presumptive two-year sentence on each count and ordered that the sentences run concurrently. Appellant has appealed his convictions.

■ Appellant first contends that the trial court should have dismissed the prosecution because the state failed to make an audio or videotape of him at or near the time of his arrest. Prior to trial, appellant filed a motion to dismiss claiming that the state had violated his constitutional due process rights by not making an audio or video recording. Specifically, appellant asserts here, as he did in the trial court, that he is entitled, as a matter of constitutional due process under the fourteenth amend-

ment of the United States Constitution and article 2, section 4 of the Arizona Constitution, to have the police make an audio or video recording of his encounter with the arresting officer. We disagree.

Although there are persuasive reasons advanced to support the wisdom of videotaping defendants in DUI cases,[1] there is clearly no constitutional requirement that the state do so.[2] A defendant's due process rights are violated only where 1) the state either suppresses or destroys evidence favorable to the defendant, and he is prejudiced thereby, or 2) the state fails to preserve evidence of which it is aware, and which is obviously material and reasonably within its grasp. *State v. Rivera*, 152 Ariz. 507, 511, 733 P.2d 1090, 1094 (1987).

In *Rivera*, the defendant asserted that the state's failure to test his blood alcohol content at the time of his arrest on murder charges violated his due process right to a fair trial. *Id.* Our supreme court held that the defendant's due process rights had not been violated "because the State did not suppress, destroy or fail to preserve evidence. Rather, the State chose not to gather evidence of defendant's blood alcohol level to prove its case." *Id.*

The distinction between the suppression, destruction, or lack of preservation of evidence on the one hand, and the failure to collect evidence on the other hand, has been extended to drunken driving cases. In *Montano v. Superior Court of Pima County*, 149 Ariz. 385, 388, 719 P.2d 271, 274 (1986), the court held that the Arizona DUI statute[3] permitted, but did not impose a duty upon the state to perform a chemical test for blood alcohol content of DUI suspects.

Several cases cited by appellant in his brief actually support the state's position that taping is not required because these cases deal with the failure to preserve evidence on a defendant's behalf rather than the failure to gather evidence in the first instance. For example, in *Scales v. City Court of Mesa*, 122 Ariz. 231, 234, 594 P.2d 97, 100 (1979), the court held that the test ampoule created by administration of the breathalyzer must be preserved because it provides the defendant with a crucial source of evidence with which to attack the validity of the test result and the accompanying presumption of intoxication. Similarly, in *Baca v. Smith*, 124 Ariz. 353, 356, 604 P.2d 617, 620 (1980), the court held that a defendant must be provided with a second breath sample which he may have independently analyzed in order to contest the test results. In each of these cases, the deprivation of constitutional rights occurred in the preservation procedures employed once the decision to gather evidence had already been made. Therefore, *Scales* and *Baca* involving *preservation of evidence* are distinguishable from the instant case involving the state's initial *failure to gather evidence* in the form of an audio or videotape.

■ The United States Supreme Court recently announced that:

[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

*Arizona v. Youngblood*, —— U.S. ——, ——, 109 S.Ct. 333, 337, 102 L.Ed.2d 281, 289 (1988). In other words, the state may choose not to gather or preserve certain evidence and, absent bad faith, there is no constitutional violation. There has been no showing of bad faith in this case.

In *Rivera*, 152 Ariz. at 511, 733 P.2d at 1094, our supreme court noted that police generally do not have a duty to seek out and obtain potentially exculpatory evidence. In *Montano*, 149 Ariz. at 388, 719 P.2d at 274, the court held that the state

1. *See* Foote, *Self-Incrimination Issues in the Context of Videotaping Drunk Drivers: Focusing on the Fifth Amendment,* 10 Harv.J.L. & Pub. Pol'y 631, 637–39 (1987).

2. In fact, dependent upon the circumstances, certain portions of such audio or videotapes may be inadmissible at trial because of the

Constitution's Fifth Amendment protection against self-incrimination. *See, e.g., State v. Haefer,* 110 Wis.2d 381, 328 N.W.2d 894 (App. 1982).

3. A.R.S. § 28–692 (1989).

had no duty to chemically test for blood alcohol in DUI cases. Similarly then, there is no duty to produce an audio or videotape of DUI suspects. The state bears the burden of proof and may proceed against a defendant with evidence it has chosen to gather within the constitutional framework noted above. If audio or videotaping is to be required, it must be at the direction of the legislature. Accordingly, we hold that a person arrested in a DUI case is not entitled, as a matter of constitutional due process, to have the police make an audio or video recording of his encounter with the arresting officer.

■ Next, defendant contends that the trial court should have instructed the jury as follows:

When you evaluate the evidence, you may consider the power of the prosecution to gather and produce evidence. If the evidence offered by the prosecution was weaker and less satisfactory than other stronger or more satisfactory evidence which the prosecution could have offered, then you should view the weaker and less satisfactory evidence with distrust.

At trial, the sole basis for this instruction was an exchange between Officer Sipe and appellant's attorney in which Sipe, on cross-examination, admitted that he had neither tape-recorded nor videotaped any portion of his encounter with appellant. This limited exchange does not provide a sufficient foundation for giving of the instruction. The state correctly points out that appellant did not elicit any evidence that the Kingman Police Department had a policy or practice of audio or videotaping DUI suspects or that the department had such equipment available to it. Absent such evidence in the record, the defendant was not entitled to the instruction. *State v. Axley*, 132 Ariz. 383, 393, 646 P.2d 268, 278 (1982). The failure to give an instruction which is not a correct statement of the law or is not supported by the facts of a particular case is not error. *State v. Lambright*, 138 Ariz. 63, 74, 673 P.2d 1, 12 (1983), *cert. denied*, 469 U.S. 892, 105 S.Ct. 267, 83 L.Ed.2d 203 (1984).

Appellant's convictions are affirmed.

EUBANK and HAIRE, JJ., concur.