785 P.2d 573
**The STATE of Arizona, Appellee,**

v.

**George Michael VIERRA, Appellant.**

**Nos. 2 CA–CR 88–0140, 2 CA–CR 88–0408.**

Court of Appeals of Arizona, Division 2, Department A.

June 27, 1989.

Reconsideration Denied Sept. 6, 1989.

Review Denied Jan. 23, 1990.*

_____

* Cameron, J., of the Supreme Court, would deny on merits, but allow petition for review to be filed.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Constance L. Trecartin, Tucson, for appellant.

George Michael Vierra, Tucson, in pro. per.

## OPINION

LIVERMORE, Presiding Judge.

Defendant was convicted of burglary, possession of burglary tools and possession of cocaine. His defense was entrapment. He contended that a government informant plied him with narcotics and induced him to commit the crime. The informant left Arizona shortly after the arrest and could not be found for trial. The primary claim on appeal is that as a result of the informant's absence, defendant was denied due process, requiring dismissal of the charges.[1] We affirm the convictions, but remand for resentencing.

So long as the unavailability of a witness is not due to the suggestion, procurement, or negligence of the government, no right of a defendant is violated by the absence of a potential defense witness. *State v. Ferguson,* 149 Ariz. 200, 717 P.2d 879 (1986). We find it difficult to imagine how the rule could be otherwise. Criminal defendants ought not escape prosecution or gain a tactical advantage in their trials because of circumstances over which the state has no control. The record in this case establishes that a police officer knew that the informant was leaving the jurisdiction temporarily but planned to return. The officer told the informant to keep in touch. We do not believe that this amounted to negligence. At that time, the police did not know that the informant was a defense witness; indeed, if anything, he was a probable prosecution witness. Moreover, the state had limited power to prevent the informant from exercising his rights as a citizen. The state could have invoked the procedures relating to material witnesses, set forth in A.R.S. §§ 13–4081 through –4084. We will not, however, impose upon the state the duty to arrest all potential witnesses for deposition simply because it is possible that some may be useful to the defense and may be unavailable at trial. Such massive intrusion on the freedom of witnesses could not be countenanced. If such an obligation were to be imposed, it could only be where the state knew that evidence helpful to the defense was being lost. See *United States v. Ballesteros–Acuna,* 527 F.2d 928 (9th Cir.1975); Livermore, *Absent Evidence,* 26 Ariz.L.Rev. 27 (1984). Because the state did not act in bad faith in this case, and because the informant's testimony was not likely to be helpful to the defense, we find that defendant was not denied due process. *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *United*

---

**1.** We allowed defendant to file a separate brief. His contention that the informant's taping of a conversation with him in a restaurant violated the fourth amendment is rejected by *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). No official compulsion to engage in that conversation existing, there was no fifth amendment violation. No warrant was necessary to arrest him at the scene of the crime. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). That a supervening indictment eliminated his right to a preliminary hearing on a prior complaint is well-established. *State v. Haas,* 138 Ariz. 413, 675 P.2d 673 (1983). The indictment adequately charged the offenses of which he was convicted.

*States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).[2]

■ Alternatively, defendant contends that counsel initially appointed to represent him provided ineffective assistance because counsel did not interview the informant. For two reasons, we reject this claim. First, there is nothing in the record that establishes counsel knew of the claimed importance of this witness and that failure to interview the witness was unreasonable when plea negotiations were ongoing. See *State v. Carver,* 160 Ariz. 167, 771 P.2d 1382 (1989). Second, and more significant, it appears that by the time defense counsel was appointed, the informant was gone. Any failure on the part of counsel in this regard was not, therefore, prejudicial.

■ Defendant was sentenced as a repetitive offender. His prior conviction occurred on April 8, 1974. Because the charged offense took place on August 2, 1987, the prior conviction was over ten years old and could not be used for sentence enhancement under A.R.S. § 13–604(A). The state seeks to avoid this result by pointing out that defendant was reimprisoned on that charge as a parole violator from July 23, 1980 to August 17, 1982, and that consequently, he had not been free from incarceration for ten years. This situation is addressed in A.R.S. § 13–604(J). It provides: "Time spent incarcerated within the ten years next preceding the date of the offense for which a person is currently being sentenced ... shall not be included in the ten years ... required to be free of convictions...." We believe the statute is clear and requires that the two years of reincarceration be added to the ten-year period. When it is, however, the thirteen-year-old conviction is still too old to be used to enhance defendant's sentences. Consequently, we find that the defendant was sentenced in error and he must be resentenced.[3]

The convictions are affirmed; the sentences are set aside and the matter is remanded for resentencing.

HATHAWAY and HOWARD, JJ., concur.

---

2. Our disposition of this issue makes it unnecessary to address the claim that trial counsel was ineffective for failing to seek supreme court review of our ruling to the same effect in an earlier special action.

3. Other claimed errors in the sentencing may be raised in the resentencing. Consequently, we do not reach them. Counsel may wish to address whether the sentence for possession of burglary tools may be made consecutive under A.R.S. § 13–116 to the sentence for burglary.