257 N.J. Super. 16 (1992)
608 A.2d 1
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY P. ALLEX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1992.
Decided June 4, 1992.
Before Judges GAULKIN[1], MUIR, Jr. and LANDAU.
John S. Furlong argued the cause for appellant.
James L. McConnell, Assistant Prosecutor, argued the cause for respondent (Nicholas L. Bissell, Jr., Somerset County Prosecutor, *17 attorney; James L. McConnell, of counsel and on the letter brief).
The opinion of the court was delivered by MUIR, JR., J.A.D.
On this appeal it is once again argued that subjective evidence of a medical expert is admissible to countervail the results of properly administered breathalyzer tests. Once again the contention is rejected.
"[I]ntoxication objectively determined by a breathalyzer test coupled with the operation of a motor vehicle constitutes the offense of drunk driving." State v. Hammond, 118 N.J. 306, 317, 571 A.2d 942 (1990); State v. Tischio, 107 N.J. 504, 518, 527 A.2d 388 (1987). As a corollary of this rule, evidence of subjective intoxication is eliminated. State v. Hammond, supra, 118 N.J. at 317, 571 A.2d 942. Consequently, when two breathalyzer tests administered to defendant yielded .14 and .15 blood alcohol readings, defendant was properly barred from attempting to countervail those readings with medical testimony based on videotape evidence of defendant's performance of various physical tests. Hammond and Tischio overrule, although not expressly, our decision in State v. Ghegan, 213 N.J. Super. 383, 517 A.2d 490 (App.Div. 1986).
Affirmed.
NOTES
[1] Judge Gaulkin did not participate in oral argument. However, the parties consented to his participation in the decision.