261 N.J. Super. 462 (1993)
619 A.2d 259
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID GORDON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 11, 1993.
Decided January 28, 1993.
*463 Before Judges PETRELLA and LONG.
John E. Schwartz, attorney for appellant.
*464 W. Michael Murphy, Jr., Morris County Prosecutor, attorney for respondent (Joseph Connor, Jr., Assistant Prosecutor, on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The sole issue on this appeal is whether the change in police policy in Randolph Township, which resulted in the discontinuing of videotaping in driving under the influence cases, operated to deprive the defendant, David Gordon, of the opportunity to preserve evidence and thereby violated his right to due process under the law.
After the denial in both the municipal court and the Law Division of Gordon's motion to dismiss the driving under the influence charge, or in the alternative, to exclude the breathalyzer results, based on the failure of the Randolph Township Police to videotape him at police headquarters after his arrest, Gordon pleaded guilty to driving under the influence of alcohol and was sentenced in accordance with the statute. It was stipulated both in the municipal court and on the trial de novo in the Law Division that prior to January 1, 1991, the Randolph Township Police Department videotaped drunken driving suspects at police headquarters. As of January 1, 1991, the police department changed its policy and stopped videotaping suspected drunken drivers. It was also stipulated that at the time of Gordon's arrest the police had the necessary equipment to videotape him.
We have considered Gordon's arguments in light of the record and the arguments in the briefs and conclude that they are without merit. R. 2:11-3(e)(2). We add the following observations. The State's failure to videotape Gordon did not violate his due process rights. There is no duty on the part of the police to create evidence by videotaping suspected drunken drivers. Moreover, Gordon has not shown that any failure to videotape him was caused by bad faith and he has shown no *465 prejudice from the lack of a videotape. Thus, even if videotaping were required, he would not be entitled to relief. Obviously, there was testimony available from the police officers who could give their lay opinion with respect to Gordon's condition and express their opinion with respect to whether he was under the influence. See State v. Johnson, 42 N.J. 146, 166, 199 A.2d 809 (1964); State v. Hudes, 128 N.J. Super. 589, 608, 321 A.2d 275 (Cty.Ct. 1974).
Videotaping is "merely a mechanical reproduction of the observations made by the individuals who witnessed the actions of defendant at the time of videotaping...." State v. Nemesh, 228 N.J. Super. 597, 603 n. 3, 550 A.2d 757 (App.Div. 1988), certif. denied, 114 N.J. 473, 555 A.2d 600 (1989).
The cases relied upon by defendant are inapposite and deal with the loss or destruction of existing evidence. Even under our criminal discovery rules, see R. 3:13-3, a prosecutor is not obligated to create tangible items of evidence; he is only required to turn over items "within the possession, custody or control of the prosecuting attorney." R. 3:13-3(a)(4), (6) and (8).
We are aware of no case in any jurisdiction which imposes a duty to create evidence. See State v. Johnson, 203 N.J. Super. 127, 131-133, 495 A.2d 1367 (App.Div.), certif. denied, 102 N.J. 312, 508 A.2d 195 (1985) (rejecting contention that police had obligation to obtain fingerprints from gun). Accord, United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir.1989) (no duty to administer intoxication tests other than breath tests); United States v. Weisz, 718 F.2d 413, 435-437 (D.C. Cir.1983), cert. denied, 465 U.S. 1027, 104 S.Ct. 1285, 79 L.Ed.2d 688 (1984) (rejecting contention that all conversations with targets of investigation should have been recorded); State v. Vierra, 163 Ariz. 4, 5, 785 P.2d 573, 574 (App. 1989) (no duty to arrest material witness to ensure that he or she is available to the defense at trial); State v. Torres, 162 Ariz. 70, 75-76, 781 P.2d 47, 52-53 (App. 1989) (no duty to conduct fingerprint analysis of *466 contraband); Everroad v. State, 570 N.E.2d 38, 46-47 (Ind. App. 1991), rev'd in part on other grounds, 590 N.E.2d 567 (Ind. 1992) (no duty to conduct fingerprint analysis on contraband); State v. Spurgeon, 63 Wash. App. 503, 820 P.2d 960, 963 (1991), review denied, 118 Wash.2d 1024, 827 P.2d 1393 (1992) (no duty to tape custodial interrogation); Gale v. State, 792 P.2d 570, 587-588 (Wy. 1990) (no duty to tape initial police interviews with child sexual abuse victims).
The United States Supreme Court has not held that the police have any duty to create evidence through the use of any particular investigative technique. See Arizona v. Young-blood, 488 U.S. 51, 58-59, 109 S.Ct. 333, 338, 102 L.Ed.2d 281, 290 (1988), reh'g denied, 488 U.S. 1051, 109 S.Ct. 885, 102 L.Ed.2d 1007 (1989).
Even the loss of a drunken-driving videotape does not automatically deprive a defendant of due process. See State v. Dohme, 223 N.J. Super. 485, 491, 538 A.2d 1321 (App.Div. 1988); State v. Colasurdo, 214 N.J. Super. 185, 189-191, 518 A.2d 768 (App.Div. 1986). Indeed, such decisions reflect the fact that the videotape is not an essential element of a drunken-driving prosecution.
Those cases which have considered the failure to videotape suspected drunk drivers have not held that there is any violation of defendant's due process rights. See, e.g., State v. Havatone, 159 Ariz. 597, 600, 769 P.2d 1043, 1046 (App. 1989); State v. Powers, 555 So.2d 888, 890 (Fla.App.), review denied, 563 So.2d 633 (Fla. 1990); cf. State v. Lyons, 812 S.W.2d 336, 339-341 (Tex. App. 1991).
Here, the police acted pursuant to established policy applying to all cases. Gordon cannot show that the police failed to tape him because they knew, when they decided not to videotape him, that a videotape would exculpate him. He has failed to show that a videotape was material and that testimony of what transpired was not available either through the police, or possibly through him if he decided to waive his Fifth Amendment *467 right. Of course, a defendant in a criminal or quasi-criminal case is not required to testify. The arresting officer and the breathalyzer operator could have testified to his behavior at police headquarters. Nor does the record reflect any showing that Gordon's performance at the time of his arrest and at police headquarters was inconsistent or incompatible with his 0.16% and 0.17% breathalyzer readings.
Gordon's claim that the Randolph police stopped videotaping drunk drivers because the videotapes proved to be exculpatory in too many cases is not supported by the record. Moreover, such an argument would not advance Gordon's case in light of his blood alcohol levels which exceeded 0.10%. See State v. Kreyer, 201 N.J. Super. 202, 204, 492 A.2d 1088 (App.Div. 1985). Although in the past a videotape has been considered relevant with respect to the accuracy of the breathalyzer readings, see State v. Colasurdo, supra (214 N.J. Super. at 191, 518 A.2d 768); State v. Ghegan, 213 N.J. Super. 383, 517 A.2d 490 (App.Div. 1986) (flawless performance inconsistent with 0.25% readings), the holdings of cases such as Colasurdo and Ghegan appear to have impliedly been overruled by State v. Hammond, 118 N.J. 306, 571 A.2d 942 (1990) and State v. Tischio, 107 N.J. 504, 527 A.2d 388 (1987), appeal dismissed, 484 U.S. 1038, 108 S.Ct. 768, 98 L.Ed.2d 855 (1988). See State v. Allex, 257 N.J. Super. 16, 17, 608 A.2d 1 (App.Div. 1992) (subjective evidence of a medical expert's evaluation of defendant's videotaped performance of physical tests is not admissible to countervail the results of properly administered breathalyzer tests which yielded blood alcohol readings of 0.14% and 0.15%).
Affirmed.