622 A.2d 1347

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
MICHAEL J. CAREY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 15, 1993—Decided April 13, 1993.

Before Judges PETRELLA, LONG and KEEFE.

*Ira A. Cohen,* attorney for appellant, on the letter brief.

*W. Michael Murphy, Jr.,* Morris County Prosecutor, attorney for respondent (*Joseph Connor, Jr.,* Assistant Prosecutor, on the letter brief).

PER CURIAM.

Defendant Michael J. Carey entered a conditional plea in the Mt. Olive Municipal Court to driving under the influence of alcohol, contrary to *N.J.S.A.* 39:4–50. Carey was sentenced as a second offender to a suspended ninety-day jail term, a $500 fine, a $100 surcharge, a two-year revocation of driving privileges, and thirty days of community service. After a trial *de novo* on his appeal to the Law Division, Carey was again found guilty and the same penalties and fines were imposed as had been imposed in the municipal court.

Defendant contends on appeal:

I. Defendant has a fundamental right to present a defense.

II. There exists no authority for the court below to bar the defendant's attempt to show (1) the presence of occupational volatiles in his bloodstream, and (2) their presence leading to a false positive reading of his blood alcohol content.

At the trial in the municipal court Carey did not dispute the 0.10% breathalyzer reading nor did he dispute the qualifications of the operator or the manner in which the tests were administered. His sole proffered defense was that part of his blood-alcohol level was attributable to sources other than drinking, which he refers to as "occupational volatiles and endogenous alcohol." [1]

Defendant claims that his occupation exposes him to alcohol substances, other than ethyl alcohol, which enter his bloodstream and can contribute to a higher breathalyzer reading than his drinking would otherwise have produced. Thus, in a pretrial motion in the municipal court, Carey sought to present expert testimony on his claimed defense. He proposed to have his expert testify that he had given Carey breathalyzer tests on another occasion when Carey had assertedly not been drinking, and that these tests had produced 0.02% blood alcohol level readings. Consequently, he argues that under this theory only 0.08% of the 0.10% blood alcohol level reading produced in connection with his driving under the influence offense was attributable to drinking. When the municipal court judge denied Carey the opportunity to present expert testimony on this subject, Carey entered a guilty plea and reserved the right to raise on appeal his claim that only part of his blood alcohol level was attributable to drinking.[2]

Our reading of the record makes it clear that Carey does not dispute the fact that he was drinking prior to his arrest, only

---

[1] Although the term "occupational volatiles" is not defined, it appears from the record to mean occupational exposure to chemicals that defendant claims can produce a breathalyzer reading even when he has not been drinking.

[2] Although the municipal court rules do not expressly authorize a conditional guilty plea under such circumstances, we nonetheless address the appeal and consider that the procedure used comported with the spirit of our Rules of Court. *See R.* 1:1–2. *See also R.* 7:4–2(f) ("Denial of a motion to suppress heard in the municipal court may be reviewed on appeal from a judgment of conviction pursuant to *R.* 3:23, notwithstanding that such judgment is entered following a guilty plea.").

that his breathalyzer reading was potentially 0.02% higher than would have been the case based on his claim of "occupational volatiles and endogenous alcohol" in his bloodstream. This case comes to us only on the aspect of driving under the influence by virtue of a violation of the blood alcohol level percentage, as the trial judge made no independent finding of driving under the influence based on lay opinion testimony.

We are satisfied from our review of the record that the trial judge properly rejected the proffered expert testimony. Initially, we note Carey's expert did not conduct his tests at any time relevant to the date of the offense. Thus, the conditions and circumstances were not comparable. The record does not reflect what variables might affect the test results. In addition, in *State v. Johnson*, 42 *N.J.* 146, 166 n. 3, 199 *A.*2d 809 (1964), our Supreme Court stated that voluntary ingestion of drugs, which in combination with the voluntary ingestion of alcohol, results in intoxication of the defendant, is sufficient to support a conviction for driving while intoxicated. "It is sufficient if [the impaired state] comes about from the combined effect [of alcohol consumption] and any preexisting or predisposing condition of the individual, whether inherent or produced by medication." *Ibid.*

Carey's case is somewhat different in that he is suggesting that his ingestion of occupational volatiles or endogenous alcohol was either unknowing or involuntary. However, *State v. Hammond*, 118 *N.J.* 306, 571 *A.*2d 942 (1990), clearly indicates that involuntary intoxication is not a defense to a charge of driving while under the influence. Indeed, it has long been the law in this State that contributing factors of medication or physical or nervous condition which render a defendant more susceptible to alcohol or narcotics are not a defense if the alcohol or narcotics cause or contributed to the impairment of faculties. *State v. Glynn*, 20 *N.J.Super.* 20, 89 *A.*2d 50 (App. Div.1952). *See also State v. Tamburro*, 68 *N.J.* 414, 346 *A.*2d 401 (1975) (use of methadone in a treatment program would not

constitute a defense where intoxication resulted); *State v. Johnson, supra,* 42 *N.J.* at 166 n. 3, 199 *A.*2d 809.[3]

Although it is axiomatic that a defendant has a right to establish a defense, he may only establish a legally cognizable defense. *See generally, State v. Rose,* 120 *N.J.* 61, 64–65, 576 *A.*2d 235 (1990); *State v. Downie,* 117 *N.J.* 450, 468, 569 *A.*2d 242, *cert. denied sub nom., Downie v. New Jersey,* 498 *U.S.* 819, 111 *S.Ct.* 63, 112 *L.Ed.*2d 38 (1990); *State v. Tischio,* 107 *N.J.* 504, 518, 527 *A.*2d 388 (1987), *appeal dismissed sub nom., Tischio v. New Jersey,* 484 *U.S.* 1038, 108 *S.Ct.* 768, 98 *L.Ed.*2d 855 (1988). Here, the record establishes that whether or not anything else contributed to the blood alcohol reading at the time of operation of the vehicle, there was a violation of the statutory proscription. *State v. Hammond, supra; State v. Kreyer,* 201 *N.J. Super.* 202, 204, 492 *A.*2d 1088 (App.Div.1985).

Thus, we need not address any constitutional arguments. Even if the defense evidence would have proved that something else contributed to his state of "intoxication," that is not an excuse or a defense. Hence, at best any error in barring the proffered expert testimony was harmless. Carey was not prevented from interposing an appropriate defense. *Cf. State v. Allex,* 257 *N.J.Super.* 16, 17, 608 *A.*2d 1 (App.Div.1992).

Affirmed.

---

[3] There was no proffer of evidence to the effect that endogenous alcohol would not have the same effect on a person's physical dexterity as does ethyl alcohol. Nor was there any proffer that occupational volatiles were not really alcohol substances, but produced a false reading as if they were alcohol. The record does not enlighten us as to the exact nature of the proposed testimony of the proffered expert. In any event, the record before us adequately supports the conviction. In future cases of a similar nature, rather than a conditional plea based solely on the breathalyzer reading, it would be preferable where the impact of other substances is claimed to be involved, if there was a record which established the conduct of the defendant that provided the basis for the offense charged.