**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2635-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANGEL ALAMO,

     Defendant-Appellant.

_____

Submitted November 28, 2023 – Decided January 30, 2024

Before Judges Whipple and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 19-002272.

McKoy Law Firm, LLC, attorney for appellant (Tamika T. McKoy, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Angel Alamo (Alamo) appeals from an April 1, 2022 order of the Law Division finding him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50, after conducting a de novo review of the record developed in the municipal court pursuant to Rule 3:23-8. Since we are convinced the Law Division judge's findings were reasonable and based on sufficient credible evidence in the record, we affirm.

I.

The municipal court trial was held on August 17, 2021. There were two witnesses summoned at trial: (1) arresting Officer, Brick Francis Wilce (Officer Wilce), on behalf of the State; and (2) Alamo, on his own behalf. The municipal court judge found Officer Wilce testified "truthfully, accurately and credibly and had an excellent recollection all the way down to . . . [Alamo's] shoes."

The municipal court judge found Alamo's testimony contained "severe deficiencies." She determined his testimony was inconsistent. For example, she noted Alamo testified Officer Wilce "did not demonstrate a field sobriety test" and "then testified immediately thereafter that in fact he did demonstrate it" and "he testifie[d] that he did not drink. Then, he testified that he does drink . . . ." Further, she found there was a substantial time gap in Alamo's testimony as to his whereabouts on the evening of the stop.

A-2635-21

Ultimately, in this two-witness trial, the municipal court judge determined "Officer[ Wilce]'s credibility significantly outweighed that of" Alamo.

## II.

In conducting its "trial de novo on the record below," R. 3:23-8(a)(2), the Law Division judge must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

The Law Division judge gave deference, "although not controlling deference," to the municipal court's credibility findings. He "determine[ed] the case completely anew." Nonetheless, he agreed with the municipal court judge's factual findings that Alamo: "blatantly blew [a] stop sign"; "smelled of an odor of an alcoholic beverage"; had "slurred speech and bloodshot eyes" and "was slow to get out of the vehicle"; had a "maximum deviation" on the "horizontal gauze nystagmus test"; was "swaying"; failed all the "field sobriety tests"; and admitted to consuming "two Coronas." The Law Division judge found Alamo guilty of DWI and merged the "stop sign violation" therein.[1]

---

[1] Alamo was initially charged with DWI; N.J.S.A. 39:4-96 (reckless driving); and violating N.J.S.A. 39:4-144 ("Stopping . . . before entering stop . . . intersection[]"). The municipal court judge found Alamo not guilty of the reckless driving charge and guilty of DWI and failing to stop at a stop sign.

A-2635-21

III.

Defendant argues:

POINT I. LEGAL ARGUMENT (NOT RAISED BELOW). THE LAW DIVISION ERRED IN UPHOLDING A CONVICTION SOLELY BASED ON SUBJECTIVE OBSERVATIONS THAT IS DIRECTLY CONTRADICTED BY OBJECTIVE SCIENTIFIC EVIDENCE.

POINT II. THE FAILURE TO PRESERVE VIDEO EVIDENCE VIOLATED ALAMO'S 5TH AND 14TH AMENDMENT DUE PROCESS RIGHTS AND HIS CONSTITUTIONAL [RIGHT] TO A FAIR TRIAL.

POINT III. THE STATE ELICITED HEARSAY TESTIMONY AND VIOLATED [ALAMO'S] CONSTITUTIONAL RIGHTS PURSUANT TO THE CONFRONTATION CLAUSE.

Our standard of review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). In such an appeal, we consider only "the action of the Law Division and not that of the municipal court." State v. Palma, 219 N.J. 584, 591-92 (2014) (quoting State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001)). The "standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

4

We "do[] not weigh the evidence anew but merely determine[] whether the evidence supports the judgment of conviction." Johnson, 42 N.J. at 157. Furthermore, we "defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999). "[T]he rule of deference is more compelling where, as in the present case, two . . . courts have [made] . . . concurrent findings of fact and credibility determinations . . . ." Ibid. Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

A.

Alamo argues "the Law Division judge failed to make his own independent findings of fact regarding a 0.000% BAC reading." Further, defendant argues "[t]he conviction is based solely upon Officer Wilce's observation . . . [and] [t]he Law Division should have determined the case completely anew, including weighing the AlcoTest[2] 0.000% BAC result against

---

[2] In State v. Chun, 194 N.J. 54, 65 (2008), the New Jersey Supreme Court "found Alcotest results admissible in drunk-driving cases to establish a defendant's guilt or innocence for drunk-driving." State v. Cassidy, 235 N.J. 482, 486 (2018).

the subjective observation together with the destruction of the video evidence."[3] We disagree.

Alamo acknowledges this argument was not raised below. "[I]t is a well-settled principle that [we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (citation and internal quotation marks omitted). While we are satisfied there are no questions of jurisdiction or great public interest, we address two aspects of this argument.

First, "New Jersey has permitted the use of lay opinion testimony to establish alcohol intoxication." State v. Amelio, 197 N.J. 207, 214 (2008) (quoting State v. Bealor, 187 N.J. 574, 585 (2006)). Therefore, we reject defendant's argument that Officer Wilce's otherwise "evidentially competent lay observations of the fact of intoxication . . ." alone would be insufficient for a conviction. Bealor, 187 N.J. at 577.

---

[3] We consider Alamo's argument regarding the alleged "destruction of the video evidence" below.

A-2635-21

Second, our review of the record reveals that neither the State nor defendant sought the admission of the AlcoTest. Therefore, defendant's argument that the Law Division should have included or weighed the AlcoTest readings in making his independent factual findings is misguided. The Law Division judge was bound by the "record below" and there is no indication that either party sought to "supplement" the record. R. 3:23-8(a)(2).

## B.

Alamo argues his Fifth and Fourteenth Amendment due process rights and his constitutional right to a fair trial were violated by Officer Wilce's "deliberate action prevent[ing] the recording of the car stop," and when "the State improperly introduced hearsay testimony before the [m]unicipal [c]ourt regarding the AlcoTest unit allegedly malfunctioning on the first attempt."[4] We conclude there is no merit to these arguments.

### i.

Alamo argues "Officer Wilce prejudiced [him] by turning off the overhead lights and video recording." He alleges Officer Wilce's action was "deliberate

---

[4] Under the Constitution of the United States: Fifth Amendment: "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . . " Fourteenth Amendment: "No State . . . shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

7

[and] prevented the recording of the car stop." Alamo avers that Officer Wilce's actions violated his "[Fifth] and [Fourteenth] Amendment due process rights and his constitutional [right] to a fair trial." We disagree.

Officer Wilce testified he "turned on [his] overhead lights to initiate a car stop" and had the emergency lights off with rear lights on during the field sobriety test. From this testimony, Alamo speculates that Officer Wilce "knew or should have known that the patrol car's emergency overhead lights should have been kept on during the traffic stop and would have automatically recorded the motor vehicle stop." Alamo argues that Officer Wilce "violated his duty to preserve evidence and ruined the recording and destroyed exculpatory evidence."

Alamo's argument is unavailing because the record is bare, other than the testimony reviewed herein, regarding the car's lighting and recording mechanisms or Officer Wilce's knowledge of the car's lighting and recording mechanisms. Therefore, any suggestion that Office Wilce "deliberately," or in bad faith, disengaged the purported recording system is without support.

Moreover, Alamo's assertion that a video would have provided "exculpatory evidence" is not supported in the record. "Obviously, there was testimony available from [Officer Wilce] who [gave his] lay opinion with

respect to [Alamo]'s condition and express[ed his] opinion with respect to whether [Alamo] was under the influence." State v. Gordon, 261 N.J. Super. 462, 465 (App. Div. 1993) (citing State v. Johnson, 42 N.J. 146, 166 (1964)). There was also testimony available from Alamo. The municipal court and Law Division judges assessed the witnesses' testimony and found Office Wilce's testimony more credible. Therefore, Alamo's conjecture that the video would have provided exculpatory evidence is unfounded.

In addition, Alamo's suggestion that Officer Wilce "violated [his] duty to preserve evidence, and ruined the recording and destroyed exculpatory evidence" is misplaced. First, there was no evidence to "preserve" or "ruin[]" or "destroy[]" because there was no videotape. Second, the State had no affirmative obligation to create a videotape of defendant's failed sobriety test. Gordon, 261 N.J. Super. at 464-66. "[A] prosecutor is not obligated to create tangible items of evidence; he [or she] is only required to turn over items 'within the possession, custody or control of the prosecuting attorney.'" Id. at 465 (citing R. 3:13-3(a)(4), (6) and (8)).

Therefore, we conclude Alamo's argument that his "[Fifth] and [Fourteenth] Amendment due process rights and his constitutional [right] to a fair trial" were violated by the absence of a video is without merit.

9

ii.

Alamo argues "the State improperly introduced hearsay testimony before the [m]unicpal [c]ourt regarding the AlcoTest unit allegedly malfunctioning on the first attempt" and therefore violated his "[Fifth] and [Fourteenth] Amendment due process rights and his constitutional [right] to a fair trial." We disagree.

Alamo did not object to the purported hearsay testimony regarding the administration of the AlcoTest. We note "the principle that hearsay subject to a well-founded objection is generally evidential if no objection is made." N.J. Div. of Child Prot. & Perm. v. J.D., 447 N.J. Super. 337, 348-49 (App. Div. 2016) (citing State v. Ingenito, 87 N.J. 204, 224 n.1 (1981) (Schreiber, J., concurring)).

Moreover, in the absence of an objection, we review Officer's Wilce's testimony for plain error. State v. Trinidad, 241 N.J. 425, 445 (2020). We consider whether Officer Wilce's testimony was "clearly capable of producing an unjust result." Ibid. (citing R. 2:10-2). "This is a 'high bar,' requiring reversal only where the possibility of an injustice is 'real' and 'sufficient to raise a reasonable doubt as to whether the error led . . . to a result it otherwise might not have reached.'" Ibid. (quoting State v. Santamaria, 236 N.J. 390, 404

(2019), then quoting State v. Macon, 57 N.J. 325, 336 (1971)). We conclude defendant has not met his burden.

First, defendant fails to support his assertion that Officer Wilce's testimony was hearsay.[5][6] Our review of the record reveals that Officer Wilce did not administer the AlcoTest.[7] However, that does not necessarily lead to the conclusion that his testimony, as to the "unit allegedly malfunctioning on the first attempt," was inadmissible hearsay. Moreover, even assuming Officer Wilce's testimony was hearsay, it may have been admissible under an exception. See N.J.R.E. 803. Therefore, we are not satisfied Alamo has established an error.

Furthermore, assuming, arguendo, Officer Wilce's testimony was inadmissible hearsay, the record reveals Alamo questioned Officer Wilce, about

---

[5] Defendant argues "[t]he [Law Division judge] court erred by concluding testimony about the functions Alco[]Test was hearsay." Our review of the record fails to reveal that finding.

[6] N.J.R.E. 801(c) defines "[h]earsay . . . [as] a statement that (1) the declarant does not make while testifying at the current trial . . . and (2) a party offers to prove the truth of the matter asserted."

[7] Defendant argues the Law Division judge "reasoned that 'a negative inference might be argued to arise, [from the State's failure to summon the AlcoTest administrator] suffice it to say that it would be the rare case . . . .'" Our review of the record fails to reveal any such reasoning.

11

the Alcotest, in cross and re-cross examination, and mentioned the Alcotest in his closing argument. The doctrine of invited error "is designed to prevent defendants from manipulating the system." State v. Jenkins, 178 N.J. 347, 359 (2004). The doctrine "is implicated only when a defendant in some way has led the court into error." Ibid. "[W]hen there is no evidence that the court in any way relied on a defendant's position, it cannot be said that a defendant has manipulated the system." Ibid. At trial, Alamo did not object to the prosecutor's question about the AlcoTest. He then questioned Officer Wilce about the AlcoTest in his cross and re-cross examinations, and mentioned it in his closing argument. While it is unnecessary for us to reach a conclusion on the doctrine's application, we conclude Alamo's failure to object, in addition to his use of the information he now objects to, raises the specter, if there was error, it may have been invited by him.

Moreover, we conclude the testimony was not "clearly capable of producing an unjust result." Trinidad, 241 N.J. at 445 (quoting R. 2:10-2). We are satisfied the testimony was inconsequential because the AlcoTest results were not admitted into evidence and the Law Division judge's determination was based solely on Officer Wilce's observations. The Law Division judge decided not to "touch the readings."

Therefore, we are satisfied there was no violation of Alamo's Fifth or Fourteenth Amendment due process rights or his constitutional right to a fair trial by Officer Wilce's testimony.

C.

Alamo argues Officer Wilce's purported hearsay testimony "regarding the AlcoTest unit allegedly malfunctioning on the first attempt," "violated [his] constitutional right to confront the witnesses against him." For the reasons we already discussed, we need not re-address Alamo's hearsay contentions, other than to note that he has failed to establish Officer' Wilce's testimony was hearsay.

"The Sixth Amendment to the Constitution of the United States Constitution and article I, paragraph 10 of the New Jersey Constitution each guarantee a criminal defendant 'the right . . . to be confronted with the witnesses against him.'" State v. Berezansky, 386 N.J. Super. 84, 90 (App. Div. 2006). "[D]efendants exercise their right to confrontation through cross-examination." Chun, 194 N.J. at 137. Alamo was confronted by Officer Wilce and Officer Wilce was cross-examined by Alamo's counsel.

Alamo argues he had a right to be confronted by the AlcoTest operator. When the State offers an Alcohol Influence Report (AIR) "into evidence to

13

demonstrate the results of the breath testing," id. at 139, "defendants are entitled to certain safeguards," id. at 148.[8] Therefore, the Court requires "that an opportunity for cross-examination [be] provided to these defendants through [the] requirement that the operator of the device might be made available to testify." Ibid. At trial the State did not offer the AIR into evidence. Therefore, there was no need for the State to present the AlcoTest operator. We reiterate that the conviction was based on Officer Wilce's observations.

Alamo asserts a right to be confronted by the AlcoTest operator, not Officer Wilce, because "testimony . . . about the functioning of the breathalyzer machine should have been directed to [a] competent witness who was not produced by the State." However, "in the event that any defendant perceive[d] of an irregularity in any of [the trial or discovery] documents that might affect the proper operation of the device in question, timely issuance of a subpoena will suffice for purposes of protecting that defendant's rights." Chun, 194 N.J.

---

[8] In Chun, the Court considered the right to confrontation, in the AlcoTest area, regarding "three categories of documents . . . (1) the documents evidencing the qualifications of the operator; (2) the documents evidencing that the machine was in working order at the time of the test; and (3) the AIR being offered into evidence to demonstrate the results of the breath testing." Chun, 194 N.J. at 140.

at 144 n.47. Therefore, if Alamo sought testimony from the AlcoTest operator, he had a right to subpoena him—he did not.

We conclude Alamo's right to confrontation was not violated.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2635-21